

FILED
JAMES BONINI
CLERK

2006 JUN 14 P 3: 31

**IN THE UNITED STATE DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| **AMCO INSURANCE COMPANY**<br>**1100 Locust Street**<br>**Des Moines, Iowa 50391-1100** | : | Case No.   C2 06   472 |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | Judge   JUDGE FROST, |
| **LAUREN SPENCER, INC.**<br>**fka OTC, Inc.**<br>**40 Clairedon Drive 43065**<br>**Powell, Ohio** | : | |
| | : | MAGISTRATE JUDGE KING |
| | : | |
| | : | |
| **SHIRLEY LEE**<br>**40 Clairedon Drive 43065**<br>**Powell, Ohio** | : | **COMPLAINT** |
| | : | |
| | : | |
| **BOWEN LEE**<br>**40 Clairedon Drive 43065**<br>**Powell, Ohio** | : | |
| | : | |
| | : | |
| **DANIEL LEE**<br>**40 Clairedon Drive 43065**<br>**Powell, Ohio** | : | |
| | : | |
| | : | |
| **POPPHIE LEE**<br>**40 Claireodon Drive 43065**<br>**Powell, Ohio** | : | |
| | : | |
| | : | |
| **GEORGE HARRIS**<br>**PO Box 748**<br>**Elizabethtown, NJ 07726-0748** | : | |
| | : | |
| **Defendants** | : | |

Now comes plaintiff, AMCO Insurance Company ("AMCO") and for its Complaint

against Defendants states as follows:

Dockets.Justia.com

1. This is a claim for declaratory and other relief brought pursuant to applicable provisions of 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure for the determination of a controversy between Plaintiff AMCO and Defendants arising out of a contract of insurance.

2. Plaintiff AMCO is an Iowa insurance company that has its home office in Des Moines, Iowa and that is authorized to do business in Ohio.

3. Defendant Lauren-Spencer, Inc. is an Ohio corporation with its principal place of business in the City of Powell, Franklin County, Ohio.  Lauren-Spencer, Inc. was formerly operated under the named OTC, Inc.

4. Defendant Shirley Lee is an individual residing in Ohio.  Shirley Lee is an employee of Lauren-Spencer and has been employed by Lauren-Spencer since at least January 1, 2002.

5. Defendant Bowen Lee is an individual residing in Ohio.  Bown Lee is an employee of Lauren-Spencer and has been employed by Lauren-Spencer since at least 2002.

6. Defendant Daniel Lee is an individual residing in Ohio.  Upon information and belief, Daniel Lee is an employee of Lauren-Spencer and has been employed by Lauren-Spencer since at least 2002.

7. Defendant Popphie Lee is an individual residing in Ohio.  Popphie Lee is an employee of Lauren-Spencer and has been employed by Lauren-Spencer since at least 2002.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy exceeds $75,000.

9. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district because the contract giving rise to this claim was entered into in this district and one or more parties reside in this district.

## BACKROUND FACTS

10. AMCO issued to Lauren-Spencer, Inc. and OTC, Inc. a commercial general liability policy ("CGL"), policy number POL2236668143 ("the Policy") for the policy period May 20, 2004 to May 20, 2005.

11. A true and accurate copy of the CCC Policy is attached as Exhibit A.

12. On September 14, 2004, George Harris filed a lawsuit against OTC, Inc., Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, Daniel Lee, and Popphie Lee in the United States District Court for the Southern District of Ohio, Eastern Division under case number 2:04 cv 884 (hereinafter referred to as "the *Harris* lawsuit").

13. A true and accurate copy of the Complaint George Harris filed in *Harris v. OTC, Inc., et al.* S. D. Ohio 2:04 CV 884 is attached as Exhibit B (hereinafter "*Harris* Complaint").

14. Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, and Popphie Lee (hereinafter "Lauren-Spencer Defendants") tendered the *Harris* lawsuit to AMCO, seeking AMCO to provide a defense to them to the *Harris* lawsuit and, presumably, also seeking indemnification should the *Harris* lawsuit result in a damage award against them.

15. AMCO agreed to provide the Lauren-Spencer Defendants with a defense to the *Harris* lawsuit pursuant to a reservation of rights.

16. The *Harris* lawsuit asserts six causes of action against the Lauren-Spencer Defendants for: (1) copyright infringement; (2) Lanham Act violation; (3) accounting; (4) unfair competition; (5) fraud/misrepresentation; (6) and direct molding.

17. Plaintiff prayed for statutory, compensatory, and punitive damages from the Lauren-Spencer Defendants

18. AMCO, incorporates, without admitting the truth thereof, each any every allegation made in the *Harris* Complaint in Case Number 2:04cv884.

19. The *Harris* Complaint alleges that Plaintiff Harris has copyright ownership of various ornamental jewelry designs, including works depicting various animals, such as various dog breeds.

20. The *Harris* Complaint alleges, inter alia, that the Lauren-Spencer Defendants "infringed said copyrights by marketing, advertising and placing upon the market various molded and cast ornamental pieces which were, upon information and belief, copied directly from Plaintiff's copyrighted Works." (*Harris* Complaint at ¶ 30).

21. The Lauren-Spencer Defendants admit that Lauren-Spencer sold ornamental jewelry depicting various animals, including various dog breeds, but contend that their sale of any such jewelry did not violate any law.

22. Lauren-Spencer began selling the jewelry Harris alleges infringes on his copyrights no earlier than February of 2004.

23. Lauren-Spencer did not sell any piece of the jewelry Harris alleges infringes on his copyrights after October 5, 2004.

24. Sometime between February 2004 and October 5, 2004, Lauren-Spencer, through one or more of its employees, took a digital photograph of each item of jewelry Plaintiff Harris alleges infringed his copyright and placed these individual photographs on a website maintained by or for Lauren-Spencer.

25. A SKU number appeared below each individual jewelry photograph placed on the Lauren-Spencer website.

26. Other than a SKU number, no other text, description, or words of any kind accompanied the individual jewelry photographs placed on the Lauren-Spencer website.

27. Each web page of the Lauren-Spencer website contained numerous photographs of individual pieces of jewelry.

28. The web pages containing photographs of the allegedly infringing jewelry contained the following text: (1) the SKU numbers under each item; (2) the statement "All pins have matching necklaces and earrings"; (3) the statements, "Size Guide" and "Shown at about 85% of actual size"; and (4) a statement at the top of the web page, "Dogs, Our Best Friends."

29. Other than the text described in paragraph 28 of this Complaint, no other text describing the jewelry Harris alleges infringes on his copyrights appeared on the Lauren-Spencer website.

30. In August of 2004, Lauren-Spencer ordered brochures that contained pictures of items of jewelry that Plaintiff Harris alleges infringes his copyrights.

31. For each item of jewelry depicted in the brochure, a SKU number was listed below the item.

32. Other than the SKU number, the Lauren-Spencer brochure contained a reference to Lauren-Spencer's web address and Lauren-Spencer's telephone number; a heading on the page of either, "Dogs and Cats" or "Dogs, Cats and Friends"; and the following text at the bottom of the page: "Lauren-Spencer, Inc., Copyright © 2001 OTC, Inc. All Rights Reserved."

33. Other than the text described in paragraph 32 of this Complaint, no other text describing the jewelry Harris alleges infringes his copyrights appeared in the Lauren-Spencer brochure.

34. Other than the website and the brochure, Lauren-Spencer had no other written or printed material that it distributed to prospective purchasers about the jewelry items that Harris alleges infringes on his copyrights.

**Pertinent AMCO Policy Provisions**

35. The AMCO Policy provides, in pertinent part, as follows:

    COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

    1.  Insuring Agreement

        a.  We will pay those sums that the insured becomes legally obligated
            to pay as damages because of "personal and advertising injury" to
            which this insurance applies. We will have the right and duty to

defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.    We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But: ….

36. The policy defines personal and advertising injury as follows:

> 14.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> > a.    False arrest, detention or imprisonment;
> > b.    Malicious prosecution;
> > c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> > d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> > e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;
> > f.    The use of another's advertising idea in your "advertisement"; or
> > g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement."

37. Based on the allegations of the *Harris* lawsuit, the only applicable definition of "personal and advertising injury" is subpart (g) of the definition, "Infringing upon another's copyright, trade dress or slogan in your 'advertisement.'"

38. The policy defines "advertisement" as:

> 1.    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.    For the purposes of this definition:
>
> > a.    Notices that are published include material placed on the Internet or on similar electronic means of communication; and
> >
> > b.    Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered advertisement.

39. The AMCO Policy contains the following exclusion.

This insurance policy does not apply to: …

i.    Infringement Of Copyright, Patent, Trademark Or Trade Secret

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

40. The AMCO Policy also contains the following exclusions:

This insurance does not apply to:

a.    Knowing Violation Of Rights Of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the acts would violate the rights of another and would inflict "personal and advertising injury";

b.    Material Published With Knowledge Of Falsity

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity; ….

## CLAIM FOR DECLARATORY JUDGMENT AGAINST LAUREN-SPENCER DEFENDANTS

41.    Plaintiff incorporates, as if fully rewritten, the allegations of paragraphs 1 through 40 of this Complaint.

42.    Based on the allegations of the *Harris* Complaint and the AMCO policy provisions, the AMCO Policy does not cover or excludes coverage for each claim asserted by Harris against the Lauren-Spencer Defendants.

43.    The AMCO policy only extends insurance coverage for claims seeking "damages because of 'personal and advertising injury.'"

44.    Based on the allegations of the *Harris* Complaint, the only definition of "personal and advertising injury" that could apply is subpart (g), which defines "personal and advertising injury" as "[i]nfringing upon another's copyright, trade dress or slogan in [the insured's] 'advertisement' to which this insurance applies."

45.    None of the Lauren-Spencer Defendants broadcasted or published any "notice" that

infringed on Harris' copyright, trade dress, or slogan.

46. Accordingly, the AMCO Policy does not provide any coverage for the *Harris* lawsuit because, as a matter of law, no infringement in advertising occurred where the Lauren-Spencer defendants only placed photographs of the allegedly infringing items on the Lauren-Spencer website and in the Lauren-Spencer brochure.

47. Other policy provisions may exclude coverage, including, but not limited to, exclusions (a) and (b), which are outlined in paragraph 40 of this Complaint.

48. Because the AMCO Policy does not cover or excludes coverage for each claim asserted in Harris' Complaint, AMCO has no duty to defend or indemnify any of the Lauren-Spencer Defendants and seeks a declaration from this Court that AMCO has no furter duty to defend any of the Lauren-Spencer Defendants or Daniel Lee in the *Harris* lawsuit and has no duty to indemnify any of the Lauren-Spencer Defendants or Daniel Lee for any damages, fees, fines, or other costs that Harris may recover from any of the Lauren-Spencer Defendants or Daniel Lee.

**WHEREFORE,** plaintiff AMCO respectfully requests that the Court issue a judgment determining and declaring as follows:

1. The Policy issued by AMCO to Lauren-Spencer, Inc. does not provide coverage for any of the claims asserted by George Harris against the Lauren-Spencer Defendants or Daniel Lee.

2. AMCO is not legally obligated to defend any of the Lauren-Spencer Defendants or Daniel Lee in the *Harris* lawsuit.

3. AMCO is not legally obligated to indemnify any of the Lauren-Spencer Defendants or Daniel Lee for any amount that George Harris may recover in the *Harris* lawsuit.

4. AMCO is entitled to recover its attorney fees for pursuing this declaratory judgment.

5. AMCO further prays for all other relief to which AMCO is entitled.

Respectfully submitted,

/s/ *Amy S. Thomas*
Amy S. Thomas    (0074380)
**Reminger & Reminger Co., L.P.A.**
65 East State, Street, 4th Floor
Columbus, Ohio  43215
(614) 232-2627 - Direct Dial
(614) 232-2410 - Facsimile
E-mail:  athomas@reminger.com
*Attorney for Plaintiff AMCO*