UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

**AMCO INSURANCE COMPANY**,

                              *Plaintiff,*                           **ANSWER**

        v.

**LAUREN SPENCER, INC.**, **SHIRLEY LEE**, **BOWEN LEE**,          Case Number:
**DANIEL LEE**, **POPPHIE LEE**, and **GEORGE HARRIS**,             C2 06 472

                              *Defendants.*

---

        Defendant George Harris, as and for its Answer to the Plaintiff's Complaint, alleges as follows:

1        The allegations in Paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, Defendant Harris denies them.

        2.      Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and, therefore, denies them.

        3.      Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore, denies them.

        4.      Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore, denies them.

        5.      Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore, denies them.

        6.      Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore, denies them.

Dockets.Justia.com

7.    Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore, denies them.

8.    Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore, denies them.

9.    Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore, denies them.

10.    Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore, denies them.

11.    Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore, denies them.

12.    Admits the allegations in Paragraph 12.

13.    Admits that on or about September 14, 2004,  Defendant Harris filed a Complaint, among other documents, in the United States District Court for the Southern District of Ohio, Eastern Division, in a matter entitled *George G. Harris, a/k/a, George G. Harris' Wildlife Collection v. OTC, Inc., a/k/a Oriental Trader's Co., Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, a/k/a Lee Bowen, Daniel Lee and Popphie Lee,* bearing case number 2:04-cv-00884-MHW-TPK ( "*Harris* action"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and therefore, denies them.  Defendant Harris further states that the Complaint speaks for itself.

14.    Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore, denies them.

15.    Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore, denies them.

16.    Admits that on or about September 14, 2004, Defendant Harris filed a Complaint, among other documents, in a matter entitled *George G. Harris, a/k/a, George G. Harris' Wildlife Collection v. OTC, Inc., a/k/a Oriental Trader's Co., Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, a/k/a Lee Bowen, Daniel Lee and Popphie Lee,* bearing case number 2:04-cv-00884-MHW-TPK and venued in the United States District Court for the Southern District of Ohio, Eastern Division (the "*Harris* action"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore, denies them. Defendant Harris further states that the Complaint speaks for itself.

17.    Admits that on or about September 14, 2004, Defendant Harris filed a Complaint, among other documents, in a matter entitled *George G. Harris, a/k/a, George G. Harris' Wildlife Collection v. OTC, Inc., a/k/a Oriental Trader's Co., Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, a/k/a Lee Bowen, Daniel Lee and Popphie Lee,* bearing case number 2:04-cv-00884-MHW-TPK and venued in the United States District Court for the Southern District of Ohio, Eastern Division (the "*Harris* action"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and therefore, denies them. Defendant Harris further states that the Complaint speaks for itself.

18.    Admits that on or about September 14, 2004, Defendant Harris filed a Complaint, among other documents, in a matter entitled *George G. Harris, a/k/a, George G. Harris' Wildlife Collection v. OTC, Inc., a/k/a Oriental Trader's Co., Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, a/k/a Lee Bowen, Daniel Lee and Popphie Lee,* bearing case number 2:04-cv-00884-MHW-TPK and venued in the United States District Court for the Southern District of Ohio, Eastern Division (the "*Harris* action"), but lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph 18, and therefore, denies them.  Defendant Harris further states that the Complaint speaks for itself.

19.    Admits that on or about September 14, 2004,  Defendant Harris filed a Complaint, among other documents, in a matter entitled *George G. Harris, a/k/a, George G. Harris' Wildlife Collection v. OTC, Inc., a/k/a Oriental Trader's Co., Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, a/k/a Lee Bowen, Daniel Lee and Popphie Lee,* bearing case number 2:04-cv-00884-MHW-TPK and venued in the United States District Court for the Southern District of Ohio, Eastern Division (the "*Harris* action"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore, denies them.  Defendant Harris further states that the Complaint speaks for itself.  Defendant Harris further states that he is the owner of copyrights in the works noted therein, and has registered them with, and been granted certificates of registration for, said works.

20.    Admits that on or about September 14, 2004,  Defendant Harris filed a Complaint, among other documents, in a matter entitled *George G. Harris, a/k/a, George G. Harris' Wildlife Collection v. OTC, Inc., a/k/a Oriental Trader's Co., Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, a/k/a Lee Bowen, Daniel Lee and Popphie Lee,* bearing case number 2:04-cv-00884-MHW-TPK and venued in the United States District Court for the Southern District of Ohio, Eastern Division (the "*Harris* action"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore, denies them.  Defendant Harris further states that the Complaint speaks for itself.

21.    Admits that on or about September 14, 2004,  Defendant Harris filed a Complaint, among other documents, in a matter entitled *George G. Harris, a/k/a, George G. Harris' Wildlife Collection v. OTC, Inc., a/k/a Oriental Trader's Co., Lauren-Spencer, Inc., Shirley Lee, Bowen*

*Lee, a/k/a Lee Bowen, Daniel Lee and Popphie Lee,* bearing case number 2:04-cv-00884-MHW-TPK and venued in the United States District Court for the Southern District of Ohio, Eastern Division (the "*Harris* action"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore, denies them.  Defendant Harris further states that the Complaint speaks for itself.  Defendant Harris further states that since September 14, 2004, discovery, including depositions, has been conducted, orders issued, and various motions are currently pending with this Court.

22.    Admits that on or about September 14, 2004,  Defendant Harris filed a Complaint, among other documents, in a matter entitled *George G. Harris, a/k/a, George G. Harris' Wildlife Collection v. OTC, Inc., a/k/a Oriental Trader's Co., Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, a/k/a Lee Bowen, Daniel Lee and Popphie Lee,* bearing case number 2:04-cv-00884-MHW-TPK and venued in the United States District Court for the Southern District of Ohio, Eastern Division (the "*Harris* action"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore, denies them.  Defendant Harris further states that the Complaint speaks for itself.  Defendant Harris further states that since September 14, 2004, discovery, including depositions, have been conducted, orders issued, and various motions are currently pending with this Court.

23.    Admits that on or about September 14, 2004,  Defendant Harris filed a Complaint, among other documents, in a matter entitled *George G. Harris, a/k/a, George G. Harris' Wildlife Collection v. OTC, Inc., a/k/a Oriental Trader's Co., Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, a/k/a Lee Bowen, Daniel Lee and Popphie Lee,* bearing case number 2:04-cv-00884-MHW-TPK and venued in the United States District Court for the Southern District of Ohio, Eastern Division (the "*Harris* action"), but lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph 23, and therefore, denies them. Defendant Harris further states that the Complaint speaks for itself. Defendant Harris further states that since September 14, 2004, discovery, including depositions, have been conducted, orders issued, and various motions are currently pending with this Court.

24.     Admits that on or about September 14, 2004, Defendant Harris filed a Complaint, among other documents, in a matter entitled *George G. Harris, a/k/a, George G. Harris' Wildlife Collection v. OTC, Inc., a/k/a Oriental Trader's Co., Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, a/k/a Lee Bowen, Daniel Lee and Popphie Lee,* bearing case number 2:04-cv-00884-MHW-TPK and venued in the United States District Court for the Southern District of Ohio, Eastern Division (the "*Harris* action"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore, denies them. Defendant Harris further states that the Complaint speaks for itself. Defendant Harris further states that since September 14, 2004, discovery, including depositions, have been conducted, orders issued, and various motions are currently pending with this Court.

25.     Admits that Defendant Lauren Spencer placed digital images of copies of Defendant Harris' copyrighted works in various advertising and marketing materials, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and, therefore, denies them.

26.     Admits that Defendant Lauren Spencer placed digital images of copies of Defendant Harris' copyrighted works in various advertising and marketing materials, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and, therefore, denies them.

27.    Admits that Defendant Lauren Spencer placed digital images of copies of Defendant Harris' copyrighted works in various advertising and marketing materials, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and, therefore, denies them.

28.    Admits that Defendant Lauren Spencer placed digital images of copies of Defendant Harris' copyrighted works in various advertising and marketing materials, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and, therefore, denies them.

29.    Admits that Defendant Lauren Spencer placed digital images of copies of Defendant Harris' copyrighted works in various advertising and marketing materials, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and, therefore, denies them.

30.    Admits that Defendant Lauren Spencer placed digital images of copies of Defendant Harris' copyrighted works in various advertising and marketing materials, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and, therefore, denies them.

31.    Admits that Defendant Lauren Spencer placed digital images of copies of Defendant Harris' copyrighted works in various advertising and marketing materials, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and, therefore, denies them.

32.    Admits that Defendant Lauren Spencer placed digital images of copies of Defendant Harris' copyrighted works in various advertising and marketing materials, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 32, and, therefore, denies them. Defendant Harris further states that Defendant Lauren Spencer claimed copyright protection for its unlawful copies of Defendant Harris' copyrighted works.

33.     Admits that Defendant Lauren Spencer placed digital images of copies of Defendant Harris' copyrighted works in various advertising and marketing materials, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and, therefore, denies them. Defendant Harris further states that Defendant Lauren Spencer claimed copyright protection for its unlawful copies of Defendant Harris' copyrighted works.

34.     Admits that Defendant Lauren Spencer placed digital images of copies of Defendant Harris' copyrighted works in various advertising and marketing materials, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and, therefore, denies them. Defendant Harris further states that Defendant Lauren Spencer claimed copyright protection for its unlawful copies of Defendant Harris' copyrighted works.

35.     Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore, denies them.

36.     Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and therefore, denies them.

37.     Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore, denies them.

38.     Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and therefore, denies them.

39.     Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and therefore, denies them.

40.     Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and therefore, denies them.

41.     Defendant Harris repeats and reasserts all responses and/or allegations set forth above as if they were stated in full herein.

42.     Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and therefore, denies them.

43.     Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and therefore, denies them.

44.     Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and therefore, denies them.

45.     Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and therefore, denies them.

46.     Denies the allegations contained in Paragraph 46.

47.     Defendant Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and therefore, denies them.

48.     Denies the allegations contained in Paragraph 48.

49.     Denies each and every allegation of the Complaint not hereinbefore specifically admitted, controverted or denied.

## FIRST AFFIRMATIVE DEFENSE

50.    The Complaint and causes of action set forth therein must be dismissed because the Complaint fails to state any cause of action as against Defendant Harris.

## SECOND AFFIRMATIVE DEFENSE

51.    Upon information and belief, Plaintiff is obligated to defend and indemnify its insureds in connection with the claims asserted in the *Harris* action.

52.    Upon information and belief, Plaintiff has refused and continues to refuse to settle the claims asserted in the *Harris* action.

53.    Upon information and belief, Plaintiff has failed to act in good faith with respect to the settlement of the claims asserted against its insureds in the *Harris* action.

54.    Plaintiff is liable to respond in damages to its insureds for any settlement or judgment in the *Harris* action, including any settlement or judgment in excess of the limits of the policy issued by Plaintiff.

## JURY DEMAND

Defendant Harris demands a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendant Harris respectfully request that:

a) the Complaint be dismissed and they be awarded their costs and attorneys fees for this action;

b) judgment be entered declaring that Plaintiff is obligated to defend and indemnify its insureds in the matter entitled George G. Harris, a/k/a, George G. Harris' Wildlife Collection v. OTC, Inc., a/k/a Oriental Trader's Co., Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, a/k/a Lee Bowen, Daniel Lee and Popphie Lee, bearing case number 2:04-cv-00884-MHW-TPK and venued in the United States District Court for the Southern District of Ohio, Eastern Division.

c) they be granted such other relief as is just and proper.

**DATED**: August 14, 2006

**DINSMORE AND SHOHL, LLP**


By: s/  Michael King, Esq.
        William M. Mattes, Esq. (0040465)

        Dinsmore & Shohl, LLP
        175 S. Third Street, Suite 1000
        Columbus, Ohio  43215
        *Attorneys for Defendant George Harris*

**HISCOCK & BARCLAY, LLP**


By:    Michael A. Oropallo, Esq. (Bar Roll No.
        505267)
        Anthony J. Piazza, Esq.


*Attorneys for Defendant George G. Harris*

One Park Place
300 South State Street
P.O. Box 4878
Syracuse, NY 13221-4878
Tel: (315) 425-2828
Fax: (315) 703-7364
E-Mail: moropallo@hiscockbarclay.com
E-Mail: apiazza@hiscockbarclay.com