IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMCO INSURANCE COMPANY, | : | |
| | : | Case No. C2-06-472 |
| Plaintiff, | : | |
| | : | Judge Frost |
| v. | : | |
| | : | Magistrate Judge King |
| LAUREN-SPENCER, INC., et al., | : | |
| | : | JURY DEMAND ENDORSED HEREON |
| Defendants. | : | |

**ANSWER AND COUNTERCLAIM OF
DEFENDANTS LAUREN-SPENCER, INC., SHIRLEY LEE, BOWEN LEE, AND
POPPHIE LEE TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, and Popphie Lee (herein referred to as the "Lauren-Spencer Defendants") and, for their Answer, Affirmative Defenses, and Counterclaim to the Complaint of Plaintiff AMCO Insurance Company ("AMCO"), state as follows:

**FIRST AFFIRMATIVE DEFENSE**

1.     The allegations contained in Paragraph 1 of the Complaint state a legal conclusion to which no response is required. By way of further answer, the Lauren-Spencer Defendants admit that there is a controversy between them and AMCO regarding the interpretation of an insurance contract.

2.     The Lauren-Spencer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, deny same.

3.     The Lauren-Spencer Defendants admit the allegations in Paragraph 3 of the Complaint.

4.  The Lauren-Spencer Defendants admit the allegations in Paragraph 4 of the Complaint.

5.  The Lauren-Spencer Defendants admit the allegations in Paragraph 5 of the Complaint.

6.  The Lauren-Spencer Defendants deny the allegations in Paragraph 6 of the Complaint.

7.  The Lauren-Spencer Defendants admit the allegations in Paragraph 7 of the Complaint.

8.  The allegations contained in Paragraph 8 of the Complaint state a legal conclusion to which no response is required. By way of further answer, the Lauren-Spencer Defendants aver that the amount in controversy may not exceed $75,000.

9.  The allegations contained in Paragraph 9 of the Complaint state a legal conclusion to which no response is required. By way of further answer, the Lauren-Spencer Defendants admit that the insurance contract was entered into in this district and that one or more parties reside in this district.

10. The Lauren-Spencer Defendants deny the allegations in Paragraph 10 of the Complaint. By way of further answer, the Lauren-Spencer Defendants admit that Lauren-Spencer, Inc. (the "Company") purchased from AMCO a commercial general liability policy (#ACP WHDO 7101414105) that was in effect from October 21, 2003, to October 21, 2004 (the "Policy").

11. The Lauren-Spencer Defendants deny the allegations in Paragraph 11 of the Complaint. By way of further answer, the Lauren-Spencer Defendants admit that a certified copy of the Policy is attached to the Complaint as Exhibit A.

12. The Lauren-Spencer Defendants admit the allegations in Paragraph 12 of the Complaint.

13. The Lauren-Spencer Defendants admit the allegations in Paragraph 13 of the Complaint.

14. The Lauren-Spencer Defendants admit the allegations in Paragraph 14 of the Complaint. By way of further answer, a true and correct copy of the letter in which the Lauren-Spencer Defendants tendered the *Harris* lawsuit to AMCO is attached hereto as Exhibit 1.

15. The Lauren-Spencer Defendants admit the allegations in Paragraph 15 of the Complaint. By way of further answer, a true and correct copy of the letter in which AMCO agreed to provide the Lauren-Spencer Defendants with a defense in the *Harris* lawsuit is attached hereto as Exhibit 2. A true and correct copy of AMCO's reservation of rights letter is attached hereto as Exhibit 3.

16. The averments in the *Harris* complaint speak for themselves and thus no response to the allegations in Paragraph 16 of the Complaint is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 16 of the Complaint.

17. The *ad damnum* clause in the *Harris* complaint speaks for itself and thus no response to the allegations in Paragraph 17 of the Complaint is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 17 of the Complaint.

18. The statements in Paragraph 18 of the Complaint do not require a response. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 18 of the Complaint.

19. The averments in the *Harris* complaint speak for themselves and thus no response to the allegations in Paragraph 19 of the Complaint is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 19 of the Complaint.

20. The averments in the *Harris* complaint speak for themselves and thus no response to the allegations in Paragraph 20 of the Complaint is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 20 of the Complaint.

21. The Lauren-Spencer Defendants deny the allegations in Paragraph 21 of the Complaint. By way of further answer, the Lauren-Spencer Defendants state that the Company purchased costume jewelry from a manufacturer in China that depicted various dog breeds and that the Lauren-Spencer Defendants then advertised and sold such costume jewelry.

22. The Lauren-Spencer Defendants admit that they began selling the jewelry that Harris contends infringes what he claims are his copyrights no earlier than February, 2004.

23. The Lauren-Spencer Defendants admit that they did not sell any jewelry that Harris contends infringes upon his claimed copyrights after October 5, 2004.

24. The Lauren-Spencer Defendants admit that throughout 2004 (i) a website was maintained by or for the Company and (ii) at times in 2004 the website included advertisements depicting jewelry items (photographed digitally) for sale that Harris contends

infringed what he claims are his copyrights. The Lauren-Spencer Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

      25.      The Lauren-Spencer Defendants admit the allegations in Paragraph 25 of the Complaint.

      26.      The Lauren-Spencer Defendants deny the allegations in Paragraph 26 of the Complaint. By way of further answer, the Lauren-Spencer Defendants state that the web pages advertising the allegedly infringing costume jewelry also contained other text.

      27.      The Lauren-Spencer Defendants deny the allegations in Paragraph 27 of the Complaint. By way of further answer, the Lauren-Spencer Defendants state that the Company's web pages contained price lists and order pages.

      28.      The Lauren-Spencer Defendants admit the allegations in Paragraph 28 of the Complaint.

      29.      The Lauren-Spencer Defendants deny the allegations in Paragraph 29 of the Complaint.

      30.      The Lauren-Spencer Defendants state that in 2004 they ordered and received brochures advertising Company products for sale, including the jewelry that Harris alleges infringes what he claims are his copyrights.

      31.      The Lauren-Spencer Defendants admit the allegations in Paragraph 31 of the Complaint.

      32.      The Company advertising brochure speaks for itself and thus no response to the allegations in Paragraph 32 of the Complaint is required. To the extent a response is required, the Lauren-Spencer Defendants admit that the advertising brochure contains a reference to the Company website and telephone number, a heading on the page referencing certain

animals, and a copyright notice. The Lauren-Spencer Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33. The Company advertising brochure speaks for itself and thus no response to the allegations in Paragraph 33 of the Complaint is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 33 of the Complaint.

34. The Lauren-Spencer Defendants deny the allegations in Paragraph 34 of the Complaint. By way of further answer, the Lauren-Spencer Defendants state that they used the website and the brochure to advertise the Company's products to prospective purchasers, including the jewelry items that Harris alleges infringes what he claims are his copyrights. The Lauren-Spencer Defendants further state that -- through the brochures and other material -- they advertised at trade shows and other places the jewelry items that Harris alleges infringes what he claims are his copyrights.

35. The provisions in the Policy speak for themselves and thus no response to the allegations in Paragraph 35 of the Complaint is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 35 of the Complaint.

36. The provisions in the Policy speak for themselves and thus no response to the allegations in Paragraph 36 of the Complaint is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 36 of the Complaint.

37. The allegations contained in Paragraph 37 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 37 of the Complaint.

38. The provisions in the Policy speak for themselves and thus no response to the allegations in Paragraph 38 of the Complaint is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 38 of the Complaint.

39. The provisions in the Policy speak for themselves and thus no response to the allegations in Paragraph 39 of the Complaint is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 39 of the Complaint.

40. The provisions in the Policy speak for themselves and thus no response to the allegations in Paragraph 40 of the Complaint is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 35 of the Complaint.

41. The Lauren-Spencer Defendants incorporate, as if fully rewritten herein, their responses to Paragraphs 1 through 40 of the Complaint.

42. The Lauren-Spencer Defendants deny the allegations in Paragraph 42 of the Complaint.

43. The allegations contained in Paragraph 43 state a legal conclusion to which no response is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 43 of the Complaint.

44. The allegations contained in Paragraph 44 state a legal conclusion to which no response is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 44 of the Complaint.

45. The allegations contained in Paragraph 45 state a legal conclusion to which no response is required. To the extent a response is required, the Lauren-Spencer Defendants deny the allegations in Paragraph 45 of the Complaint.

46. The Lauren-Spencer Defendants deny the allegations in Paragraph 46 of the Complaint. By way of further answer, the Lauren-Spencer Defendants aver that Lauren-Spencer places photographs of its products, including the jewelry items that Harris alleges infringes upon his copyright, in its promotional brochures and on its website for the express purpose of attracting customers and encouraging them to purchase such products, which is advertising.

47. The Lauren-Spencer Defendants deny the allegations in Paragraph 47 of the Complaint.

48. The Lauren-Spencer Defendants deny the allegations in Paragraph 48 of the Complaint.

49. The Lauren-Spencer Defendants deny each and every allegation in the Complaint unless expressly admitted herein.

### SECOND AFFIRMATIVE DEFENSE

AMCO fails to state a claim against the Lauren-Spencer Defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

AMCO has failed to mitigate its damages; in fact, AMCO's own actions have contributed to and/or proximately caused any damages it may have sustained.

**FOURTH AFFIRMATIVE DEFENSE**

AMCO's claims against the Lauren-Spencer Defendants are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

**FIFTH AFFIRMATIVE DEFENSE**

Any and all of the Lauren-Spencer Defendants' actions as alleged in Plaintiff's Complaint were taken, if at all, in good faith, and in a fair and equitable manner so as to bar each count of Plaintiff's Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Any and all of the Lauren-Spencer Defendants' actions taken with respect to AMCO were privileged and/or proper and taken in accordance with the Lauren-Spencer Defendants' rights and privileges afforded by law and/or pursuant to their contractual relationship with AMCO.

**COUNTERCLAIM OF DEFENDANTS LAUREN-SPENCER, INC.,
SHIRLEY LEE, BOWEN LEE, AND POPPHIE LEE**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, and Popphie Lee (collectively, the "Lauren-Spencer Defendants"), for their Counterclaim against AMCO Insurance Company ("AMCO") state as follows:

## INTRODUCTION

1. Lauren-Spencer, Inc. (the "Company") is an Ohio corporation with its principal place of business located in Franklin County, Ohio.

2. Shirely Lee, Bowen Lee, and Popphie Lee are all individuals residing in Ohio and are all employees of the Company.

3. Upon information and belief, AMCO is an Iowa insurance company with its home office located in Des Moines, Iowa. Upon information and belief, AMCO is authorized to do business in Ohio.

4. On or about October 21, 2003, the Company purchased a commercial general liability insurance policy (#ACP WHD 7101414105) from AMCO for the period October 21, 2003, to October 21, 2004. In addition, the Company purchased an umbrella liability insurance policy (#ACP CAA 7101414105) from AMCO for the period October 21, 2003, to October 21, 2004 (collectively, the "Policies"). The Policies afford coverage to the Company and its employees for certain third-party liabilities. More specifically, the Policies afford coverage for damages paid to third-parties because of "advertising injury," which is defined to include copyright infringement.

5. On or about October 1, 2004, the Lauren-Spencer Defendants received a copy of a complaint in a federal court case styled *Harris v. OTC, Inc., et al.*, Case No. C2 04 884 (S.D. Ohio). In the complaint, Harris alleged that the Lauren-Spencer Defendants infringed his copyrights by offering for sale certain jewelry items and by promoting such jewelry through photographs in a brochure and on the Company website.

6. In early October, the Lauren-Spencer Defendants notified AMCO of the *Harris* lawsuit and requested that AMCO defend and indemnify them in connection with that

lawsuit. On October 13, 2004, the Lauren-Spencer Defendants followed up their verbal requests and requested in writing that AMCO defend and indemnify them in connection with the *Harris* lawsuit. A true and correct copy of the notice letter is attached hereto as Exhibit 1.

       7.      On or about November 12, 2004, AMCO agreed to provide the Lauren-Spencer Defendants with a defense to the *Harris* lawsuit. AMCO assigned Attorney Scott Williams to defend the Lauren-Spencer Defendants in the *Harris* lawsuit. A true and correct copy of this letter is attached hereto as Exhibit 2.

       8.      On or about November 23, 2004, AMCO reaffirmed its commitment to provide a defense for the Lauren-Spencer Defendants in the *Harris* lawsuit. AMCO also indicated that it was "investigating this matter and defending under a reservation of rights." A true and correct copy of this reservation of rights letter is attached hereto as Exhibit 3.

       9.      In light of its coverage position, AMCO declined to contribute more than a nominal amount toward a resolution with Harris.

       10.      Because AMCO did not authorize a meaningful amount for an offer of judgment to Harris pursuant to Federal Rule of Civil Procedure 68, the Lauren-Spencer Defendants have been forced to undertake a complete and thorough defense, including hiring a separate attorney to defend the claims asserted against them in the *Harris* lawsuit that the Lauren-Spencer Defendants understood AMCO said were not covered under the Policies (*i.e.,* the claim for willful infringement and the claim for punitive damages).

       11.      The Lauren-Spencer Defendants have incurred in excess of $75,000 in legal fees related to the defense of the *Harris* lawsuit.

12. These costs would either not have been necessary or not the responsibility of the Lauren-Spencer Defendants had AMCO authorized a reasonable offer of judgment early in the litigation.

13. Furthermore, the parties in *Harris* have engaged in three mediation sessions in an attempt to resolve that dispute.

14. In preparation for the last mediation session, the Lauren-Spencer Defendants convinced Harris (i) to mediate a potential resolution of the case based solely upon his claims of non-willful infringement, and (ii) to demand an amount within the limits of the primary commercial general liability insurance policy to settle the lawsuit. Harris agreed.

15. In preparation for the last mediation, the Lauren-Spencer Defendants also beseeched AMCO to "come to the table" with meaningful settlement authority.

16. Instead, AMCO provided its retained counsel with only nominal settlement authority.

17. Moreover, at the last mediation, AMCO asserted, for the very first time, that the Lauren-Spencer Defendants were not entitled to coverage for claims of non-willful copyright infringement because AMCO claimed the alleged infringement (*i.e.,* using photos on the Company website and in the promotional brochures) did not relate to "advertising."

18. Because AMCO failed to provide its retained counsel with meaningful settlement authority, the last mediation session also was unsuccessful and the Lauren-Spencer Defendants have incurred additional costs and expenses.

19. AMCO lacks any reasonable justification for its refusal to provide its defense counsel with meaningful settlement authority to resolve the *Harris* lawsuit on behalf of its insureds, the Lauren-Spencer Defendants.

## COUNT I - DECLARATORY JUDGMENT

20. The Lauren-Spencer Defendants incorporate all of the allegations of paragraphs 1 through 19 of their Counterclaim as fully as if rewritten herein.

21. By reason of the aforesaid acts, there exists a justiciable controversy concerning whether the Policies provide coverage for the claims asserted against the Lauren-Spencer Defendants in the *Harris* lawsuit, and concerning whether AMCO was obligated to defend and indemnify the Lauren-Spencer Defendants. This controversy can be resolved by the Court through means of a declaratory judgment.

22. Specifically, the Lauren-Spencer Defendants contend, and AMCO denies, that the Policies obligated AMCO to furnish a complete defense to the Lauren-Spencer Defendants with respect to the *Harris* lawsuit, to indemnify the Lauren-Spencer Defendants for all costs of such defense, and to indemnify the Lauren-Spencer Defendants for any and all payments, expenditures, judgments, damages, and settlements or other considerations that may be incurred with respect to the *Harris* lawsuit.

23. The Lauren-Spencer Defendants seek a declaration and judgment from the Court that they are entitled to coverage under the Policies for the defense and indemnity of the *Harris* lawsuit. The Lauren-Spencer Defendants further seek their attorneys' fees in prosecuting this action.

24. Specifically, the Lauren-Spencer Defendants request a declaration that AMCO must (i) furnish them with a complete defense to the *Harris* lawsuit, (ii) indemnify them for all costs of such defense, and (iii) indemnify them for any and all payments, expenditures, judgments, damages, and settlements or other considerations that have been or will be incurred with respect to the *Harris* lawsuit.

25. The Lauren-Spencer Defendants have no plain, speedy, or adequate remedy at law in that without the requested declaration they will suffer irreparable harm and injury due to AMCO's failure to abide by the terms and conditions contained in the Policies.

### COUNT II - BREACH OF CONTRACT

26. The Lauren-Spencer Defendants incorporate the allegations of paragraphs 1 through 25 of this Counterclaim as fully as if rewritten herein.

27. The Policies constitute a binding contract between the Lauren-Spencer Defendants and AMCO for AMCO to provide commercial general liability insurance for advertising injuries arising during the period commencing on or about October 21, 2003, and terminating on October 21, 2004, including but not limited to insurance coverage for copyright infringement.

28. The Lauren-Spencer Defendants have fully complied with all the terms of the Policies, and duly performed all the terms and conditions precedent and subsequent to their right to obtain insurance coverage thereunder, to the extent such terms and conditions were not excused and/or otherwise waived by AMCO.

29. Such insurance coverage includes AMCO's duty to provide a defense to the Lauren-Spencer Defendants with respect to the claims asserted in the *Harris* lawsuit. Such insurance coverage also includes AMCO's duty to indemnify the Lauren-Spencer Defendants for all sums, in excess of any deductibles, that they shall become obligated to pay as damages in connection with the *Harris* lawsuit.

30. AMCO has breached the Policies by failing and refusing to provide the Lauren-Spencer Defendants with a defense in the *Harris* lawsuit, by failing and refusing to participate meaningfully in the Lauren-Spencer Defendants' settlement negotiations with Harris, by unreasonably failing and refusing to either consent or respond to Harris's policy limits

settlement demand, and by failing and refusing to agree to indemnify the Lauren-Spencer Defendants in the *Harris* lawsuit, as described above.

31.  As a foreseeable result of AMCO's breach of the Policies, the Lauren-Spencer Defendants have suffered damages in excess of the jurisdictional limit of this Court, including, without limitation, the total costs of defense in the *Harris* lawsuit and any and all payments, expenditures, judgments, damages, and settlements the Lauren-Spencer Defendants have incurred or will incur with respect to the *Harris* lawsuit.

## COUNT III – INSURER BAD FAITH

32.  The Lauren-Spencer Defendants incorporate the allegations of paragraphs 1 through 31 of this Counterclaim, as though set forth at length herein.

33.  Implied by law in the Policies is a covenant of good faith and fair dealing, requiring AMCO to act in good faith and to fairly comply with its obligations under that agreement.

34.  AMCO breached the implied covenant of good faith and fair dealing in the Policies, and acted in bad faith, by, without reasonable justification: (i) failing and refusing to provide the Lauren-Spencer Defendants with a defense in the *Harris* lawsuit; (ii) failing and refusing to indemnify the Lauren-Spencer Defendants for the costs of such defense; (iii) failing and refusing to participate meaningfully in the parties' settlement negotiations; (iv) failing and refusing to either consent or respond to Harris's settlement demand; and (v) failing and refusing to indemnify the Lauren-Spencer Defendants for any and all payments, expenditures, judgments, damages, and settlements that have been incurred in connection with the *Harris* lawsuit.

35.  As a proximate result of AMCO's breach of the covenant of good faith and fair dealing in the Policies, the Lauren-Spencer Defendants have suffered and will suffer

damages in excess of the jurisdictional limit of this Court, including, without limitation, the costs of the Lauren-Spencer Defendants' defense in the *Harris* lawsuit and any and all payments, expenditures, damages, and settlements that have been or will be incurred in connection with the *Harris* lawsuit.

36. The aforementioned conduct of AMCO was malicious and oppressive conduct of an insurer that has subjected the Lauren-Spencer Defendants to an unjust hardship, in conscious disregard of the rights of the Lauren-Spencer Defendants, so as to justify an award of exemplary and punitive damages against AMCO, which exemplary and punitive damages are sought herein. The Lauren-Spencer Defendants further seek their attorney's fees in prosecuting this action.

WHEREFORE, the Lauren-Spencer Defendants pray for relief as follows:

1. for dismissal, with prejudice, of Plaintiff's Complaint;
2. for a declaration of the respective rights and duties of the parties under the Policies;
3. for compensatory damages according to proof at time of trial;
4. for punitive and exemplary damages according to proof at time of trial;
5. for prejudgment interest to the maximum extent recoverable by law;
6. for costs of suit, including reasonable attorneys' fees, to the maximum extent recoverable by law; and
7. for such further relief as the Court may deem just and proper.

Respectfully submitted,


s/William J. Pohlman
William J. Pohlman (0040912)
Anna Katherine Nuber (0078041)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
Columbus, OH  43215
Telephone:   (614) 464-8349
Facsimile:   (614) 719-4908
wjpohlman@vssp.com

Attorneys for Defendants and Counterclaim-Plaintiffs Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, and Popphie Lee

## JURY DEMAND

Defendants and Counterclaim-Plaintiffs hereby request a trial by jury.


s/William J. Pohlman

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2006, I caused a true and correct copy of the foregoing *Answer and Counterclaim of Defendants Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, and Popphie Lee to Plaintiff's Complaint* to be filed electronically on the Court's CM/ECF system (so that notice of this filing will be sent to all parties indicated on the electronic filing receipt and so that all parties may access this filing electronically), including the following:

> Amy S. Thomas
> Reminger & Reminger Co., LPA
> Capitol Square Office Building
> 65 E. State Street, 4th Floor
> Columbus, OH  43215-5657
>
> *Attorneys for Plaintiff*
>
> William M. Mattes
> Dinsmore & Shohl
> 175 S. Third Street
> Suite 1000
> Columbus, OH  43215-5134
>
> *Attorneys for Defendant George Harris*

s/William J. Pohlman
William J. Pohlman
