# Vorys, Sater, Seymour and Pease LLP

52 East Gay Street • Post Office Box 1008 • Columbus, Ohio 43216-1008 • Telephone (614) 464-6400 • Facsimile (614) 464-6350

Arthur I. Vorys
1856-1933
Lowry F. Sater
1867-1935
Augustus T. Seymour
1873-1926
Edward L. Pease
1873-1924

In Washington
Eleventh Floor
1828 L Street, NW
Washington, DC  20036-5109
Telephone (202) 467-8800
Facsimile  (202) 467-8900

In Cleveland
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114-1724
Telephone (216) 479-6100
Facsimile  (216) 479-6060

In Cincinnati
Suite 2000 • Atrium II
221 East Fourth Street
Post Office Box 0236
Cincinnati, Ohio 45201-0236
Telephone (513) 723-4000
Facsimile  (513) 723-4056

In Alexandria
277 South Washington Street
Suite 310
Alexandria, Virginia 22314-3646
Telephone (703) 837-6999
Facsimile  (703) 549-6492

In Akron
106 South Main Street
Suite 301
Akron, Ohio 44308-1417
Telephone (330) 208-1000
Facsimile  (330) 208-1001

Douglas L. Rogers
Direct Dial (614) 464-5407
Facsimile  (614) 719-4928
E-Mail : dlrogers@vssp.com

October 13, 2004

**<u>VIA FACSIMILE (419-526-0654)</u>**

D. Meadows
Joseph F. Ball Insurance Agency      **PRIVILEGED AND CONFIDENTIAL**
2036 West Fourth Street                  **ATTORNEY-CLIENT COMMUNICATION**
Mansfield, Ohio  44901                   **DRAFT**

       Re:     Claim No. 34A11980—Allied Insurance

Dear M. Meadows:

       I appreciated talking to Paul from Allied Insurance last week concerning the referenced claim for the policy with endorsement #CG0001 (the "Policy").  Although Paul said that a decision had not yet been made on coverage, I think there was a mention in the conversation that there was an exclusion for copyright infringement.  There is a general exclusion for infringement of copyright (I.B.2.i.), but I believe that the Policy's  coverage of advertising injury requires Allied to provide coverage of the claims in this case.

       Section I.B.1.a. provides that "we will pay those sums that the insured becomes legally obligated to pay as damages because of personal and advertising injury to which its insurance applies."  Section I.B.2.i. has an exclusion that the insurance does not apply to "'Personal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights."  However, the next sentence says "this exclusion does not apply to infringement, in your 'advertisement,' of copyright, trade dress or slogan."

       In other words, the exclusion does not apply to "advertising injury."  Further, the definition section of the Policy (V) defines <u>advertising injury to mean</u> "injury, including consequential bodily injury, arising out of one or more of the following offenses:  ... '<u>Infringing another's copyright,</u> trade dress or slogan <u>in your 'advertisement'</u>."  (V.14.g.)(Emphasis added).

       In the Complaint filed by George G. Harris, a copy of which is attached, the plaintiff clearly alleges advertising injury.  For instance, paragraphs 20 and 21 state, respectively,



Vorys, Sater, Seymour and Pease LLP

D. Meadows
October 13, 2004
Page 2


"defendants operate a business which markets, advertises and offers for sale, among other things, an exact cast duplicate of plaintiff's original works…" and "defendants have been marketing, advertising and selling copies of plaintiff's works." Plaintiff further challenges marketing and advertising by defendants in paragraphs 30, 31, 36, 44, 46 and 47. The Complaint also alleges that plaintiff has been injured by the advertising of defendants. In other words, plaintiff alleges "advertising injury" caused by copyright infringement. That is an injury covered by the Policy, for which Allied Insurance should assume the defense and provide coverage.

Once you have had an opportunity to review this letter, please call me. Thank you very much.

Sincerely,

Douglas L. Rogers

DLR/dlr

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

GEORGE G. HARRIS, a/k/a,
GEORGE G. HARRIS' WILDLIFE COLLECTION,
P.O. BOX 748
ENGLISHTOWN, NJ 07726-0748

        Plaintiff,

vs.

OTC, INC., a/k/a ORIENTAL TRADER'S CO.
40 CLAIREDON DRIVE
POWELL, OHIO 43065

AND

LAUREN-SPENCER, INC.
40 CLAIREDON DRIVE
POWELL, OHIO 43065

AND

SHIRLEY LEE
410 N. CHESTNUT
MIDDLE POINT, OHIO 45863

AND

BOWEN LEE, a/k/a LEE BOWEN
410 N. CHESTNUT
MIDDLE POINT, OHIO 45863

AND

DANIEL LEE
410 N. CHESTNUT
MIDDLE POINT, OHIO 45863

AND

POPPHIE LEE
410 N. CHESTNUT
MIDDLE POINT, OHIO 45863

        Defendants.

**COMPLAINT**

Civil Action No. **C2    04    884**

## JUDGE GRAHAM

### MAGISTRATE JUDGE KEMP

63016v1
28630-1

- 1 -

Plaintiff, **George G. Harris, a/k/a GEORGE G. HARRIS' WILDLIFE COLLECTION** (hereinafter "Plaintiff" or "Harris"), by and through his attorneys, state the following complaint against **OTC, INC., a/k/a ORIENTAL TRADER'S COMPANY, LAUREN-SPENCER, INC., SHIRLEY LEE, BOWEN LEE, a/k/a LEE BOWEN, DANIEL LEE and POPPHIE LEE, individually** (hereinafter collectively "Defendants").

## INTRODUCTION

1.     This action for copyright infringement, unfair competition, unfair trade practices, direct copying of molds and casts and fraud/misrepresentation, is brought pursuant to Federal statues, namely the Copyright Act of 1976, 17 U.S.C. § 101 et seq. and § 43(a) of the Lanham Trade-mark Act, 15 U.S.C. § 1125(a), under several state statutes, and under the Common Law.

2.     Plaintiff asserts these claims as a result of Defendants' use, copying and sale, without permission, of the Plaintiff's original works of authorship embodied in wildlife art pewter pins. Plaintiff seeks the full extent of relief available to him under the aforementioned acts, statues and laws, including a preliminary and permanent injunction against Defendants' continued acts, and an Order directing the surrender of all infringing products for destruction, actual damages, including lost profits, statutory damages, the costs of this action including reasonable attorneys fees, and for such other and further relief as to this Court may seem just, proper and equitable.

## PARTIES

3.     Plaintiff, George G. Harris, a/k/a George G. Harris' Wildlife Collection, is a New Jersey resident with a mailing address of P.O. Box 748, in Englishtown, New Jersey.

4.     Defendant, OTC, Inc., a/k/a Oriental Trader's Company, is, upon information and belief, an Ohio corporation with its principal place of business being 40 Clairedon Drive, Powell, Ohio 43065, and doing business throughout the United States, including but not limited to the State of Ohio.

5.    Defendant, Lauren-Spencer, Inc. is, upon information and belief, an Ohio corporation with its principal place of business being 40 Clairedon Drive, Powell, Ohio 43065, and doing business throughout the United States, including but not limited to the State of Ohio.

6.    Defendants, Shirley Lee and Daniel Lee, upon information and belief, are residents of the State of Ohio with a mailing address of 410 N. Chestnut, Middle Point, Ohio 45863.

7.    Defendant, Bowen Lee, a/k/a Lee Bowen, upon information and belief, is a resident of the State of Ohio with a mailing address of 410 N. Chestnut, Middle Point, Ohio.

8.    Defendant, Popphie Lee, upon information and belief, is a resident of the State of Ohio with a mailing address of 410 N. Chestnut, Middle Point, Ohio.

## SUBJECT MATTER JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over the claim set forth in this Complaint pursuant to 28 U.S.C. § 1338, 15 U.S.C. § 1121 and 28 U.S.C. § 1400(a).  The Plaintiff has made application, sent deposits and registered with the United States Copyright Office, among others, the works listed in Exhibit "A", a copy of which is annexed hereto, and which were issued Copyright Certificates by the United States Copyright Office bearing the following numbers and issuance dates:

| ID# | Registration | Date |
|---|---|---|
| 1 | VA 639-339 | 05/02/94 |
| 2 | VA 639-340 | 05/02/94 |
| 3 | VA 647-908 | 05/02/94 |
| 4 | VA 647-909 | 05/02/94 |
| 5 | VA 647-910 | 05/02/94 |
| 6 | VA 658-253 | 08/02/94 |
| 7 | VA 735-381 | 07/24/95 |
| 8 | VA 848-116 | 06/19/97 |
| 9 | VA 922-536 | 06/01/98 |
| 10 | VA 1-104-269 | 07/03/01 |
| 11 | VA 1-104-914 | 07/06/01 |
| 12 | VA 1-146-169 | 07/11/02 |
| 13 | VA 970-157 | 06/01/99 |

14   VA 818-144    05/27/97

10.     Venue in this action lies within this Court pursuant to 28 U.S.C. § 1391 and 1400 as it is the residence of Defendants, and as the judicial district within which part of the events, acts or omissions giving rise to the claim occurred, including, but not limited to, acts of infringement, and in which Defendants, Lauren-Spencer, Inc., and OTC, Inc. a/k/a Oriental Trader's Company, corporations, and their officers, and the individual Defendants are subject to personal jurisdiction.

11.     This Court has personal jurisdiction over Defendants pursuant to Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure based, inter alia, upon the fact that Defendants may be found within this judicial district.

## BACKGROUND

12.     Plaintiff is engaged in the sculpting, design, manufacture, marketing and sale of original ornamental jewelry designs, which include his singular and distinctive expression of wearable art from his Sportsmen's Wildlife Collection, namely his copyrighted Works depicting various forms of wildlife and animals, among other things, including dog breeds, in pewter ("Works"). Plaintiff's Works were and are at all relevant times hereinafter mentioned, sold in several states throughout the United States including but not limited to the State of Ohio.

13.     Plaintiff's works are developed through the meticulous sculpturing, molding and casting in various media, including pewter, which express his individualized sportsman's and animal motifs and wildlife images whereby a mold is created and the end product is a cast which replicates the mold in every detail from which duplicates are reproduced and sold as wearable art.

14.     Details of Plaintiff's Works include, but are not limited to, the unique expression, selection and arrangement of the subject matter of the Works onto jewelry pieces.

63016v1
28630-1                                  - 4 -

15.     Plaintiff's Works are individual expressions of the wildlife and animals depicted therein, and include the originally designed mold and cast, and convey a unique expression of the Work.

16.     Plaintiff is, in whole or in part, the author, owner and/or creator of the various Works hereinbefore mentioned, claims ownership to copyright rights in his various Works, is entitled to all of the exclusive rights that inure to the benefit of a copyright holder pursuant to the United States Copyright Act ("Act"), included the rights bestowed by section 106 of the Act, and has taken appropriate measures to protect its copyright and place the public on notice thereof.

17.     All of Plaintiff's Works were and are sold with copyright notices, and copyright registrations have been obtained for those Works listed in Exhibit "A".

18.     Plaintiff's Works are and were, at all times hereinbefore mentioned, marketed, advertised and sold primarily through exhibitions, shows, trade shows, the internet, through distributors and in catalogs, by the Plaintiff, its agents, representatives or assigns.

19.     Over the years, up to and including 2003, Plaintiff has marketed, advertised and sold its Works through various means noted above, including exhibition shows, trade shows, and mail orders from catalogs, to locations, including, but not limited to the State of Ohio.

## DEFENDANTS' UNLAWFUL PRACTICES

20.     Upon information and belief, Defendants operate a business which markets, advertises and offers for sale, among other things, an exact cast duplicate of Plaintiff's original Works, depicting various forms of animals and wildlife, among other things, throughout the United States, including but not limited to the State of Ohio.

21.     Upon information and belief, since at least 2004, Defendants have been marketing, advertising and selling copies of Plaintiff's Works, and unauthorized derivative works thereof, in

63016v1
28630-1                                     - 5 -

violation of section 106 of the Act, among others, onto jewelry pieces, without permission, falsely designating the origin of same, having removed Plaintiff's copyright notices during the molding and/or casting process, in violation of the Act.

22.    Upon information and belief, Defendants have marketed, advertised and offered for sale, and have sold illegal copies of the Plaintiff's Works, despite being on notice of their copyrights.

23.    Upon information and belief, Defendants are <u>not</u> innocent infringers, and cannot avail themselves of the limitation of damages provision of the Act.

**AS AND FOR A FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT):**

24.    Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "23" of this Complaint as more fully set forth herein.

25.    Plaintiff, who is a citizen of the United States, created, molded and cast original works of art, which depict various forms of wildlife and animals in pewter, and which are marketed, advertised and offered for sale at Plaintiff's shows, on the internet,  and through his catalogs, among other ways.

26.    The aforementioned pewter Works were originally authored by Plaintiff, their agents or assigns, and consist of copyrightable subject matter under the laws of the United States as is evidenced by the Certificates of Copyright issued for said Works.

27.    At all times hereinbefore mentioned, Plaintiff, in whole or in part, has complied with the Copyright Act and all other laws governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights of said molded and cast Works, and has received from the Registrar of Copyrights, Certificates of Registration for said Works.

28.     At various times, but in any event since 2003, said Works have been published by Plaintiff and all copies of them made by Plaintiff or under authority or license, have been published in strict conformity with the provisions of the Act, and all other laws governing copyright.

29.     At various times, but in event since at least 2003, Plaintiff has been and still is the owners of all rights, title and interest in and to the copyrights of said Works.

30.     Defendants have infringed said copyrights by marketing, advertising and placing upon the market various molded and cast ornamental pieces which were, upon information and belief, copied directly from Plaintiff's copyrighted Works.

31.     The design, production, marketing, advertising, display and/or sale by Defendants of copies of Plaintiff's copyrighted Works constitute infringement of the Works, and through their marketing, advertising, and sales activities, have caused harm and injury to Plaintiff, and constitute violations of Plaintiff's exclusive rights as copyright owner, under section 106 of the Copyright Act, among others, and thus constitute copyright infringement.

32.     Plaintiff alleges that Defendants' infringements were negligent, reckless, knowing and/or willful, and/or represent a calculated attempt to profit from Plaintiff's copyrighted Works, without permission, in that Defendants have continued to infringe upon Plaintiff's copyrights, despite being on notice of the copyrights.

33.     Defendants have directly copied Plaintiff's Works, or in the alternative, had access to Plaintiff's Works, and the copies are not only substantially similar, but are nearly identical.

34.     Plaintiff is therefore entitled to the relief available under the Copyright Act, including, but not limited to, actual and/or statutory damages, the costs of this action, including reasonable attorneys fees, and such other and further relief as to this Court seems just, proper and equitable.

## AS AND FOR A SECOND CAUSE OF ACTION
## (LANHAM ACT VIOLATION):

35.    Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "34" as if fully set forth herein.

36.    At all times herein mentioned, Defendants were and still are engaged in, among other things, direct competition with Plaintiff in the marketing, advertising, manufacture, distribution, and sale of, among other things, ornamental jewelry depicting various forms of animals and wildlife in pewter.

37.    At various times as hereinbefore mentioned, Plaintiff is the owner, and thus has the right to manufacture, distribute and offer for sale, his original sculpted, molded and cast expressions as embodied in the Works.

38.    In doing such, Plaintiff's Works have achieved great popularity amongst wildlife and animal enthusiasts, collectors and others through the United States, a large component of whom are concerned with the aesthetic appearance and quality of the jewelry purchased.

39.    By reason of the tremendous efforts on the parts of the Plaintiff, in advertising, promoting, and achieving unique and artful expression in their Works, Plaintiff has become recognized amongst both the general population and the population of wildlife and animal enthusiasts and collectors, as a distinctive artist of singular craftsmanship and individual designs.

40.    Plaintiff's unique designs constitute non-functional and protectible trade tress pursuant to the Lanham Act.

41.    Upon information and belief and at a time and place unknown to Plaintiff, Defendants caused molds to be produced, duplicating the exact cast forms authored by Plaintiff, and has used the molds to manufacture and distribute various cast pieces, (including but not limited to pewter) embodying

63016v1
28630-1                                    - 8 -

the exact original Works of Plaintiffs and proceeded to market, advertise and widely sell, market and distribute its molded and cast pieces, falsely representing them to be original to Defendants, in the State of Ohio and elsewhere.

42.    Upon information and belief, the duplication above described was accomplished by simply taking Plaintiff's pieces, creating a mold from them, and casting pieces from that mold wherein Defendants made unauthorized copies of Plaintiff's Works that were identical in all respects, except for Defendants' removal of the copyright notice therefrom.

43.    Upon information and belief, at a time and place unknown to Plaintiff, Defendants used Plaintiff's Works in various other manners, to render copies of said Works.

44.    The cast pieces produced by Defendants and the Defendants' advertising, marketing and sale of the copies, are injurious to Plaintiff and constitute an appropriation by Defendants of Plaintiff's exclusive rights to manufacture, sell, distribute and otherwise exploit its own original Works, a business asset which Plaintiff created and which was greatly enhanced by Plaintiff's investment of considerable creativity and skill, time and money.

45.    Defendants' acts constitute unfair competition with Plaintiff, infringement and misappropriation, in that the manufacture of the cast pieces by Defendants are unauthorized and constitutes an unlawful appropriation of Plaintiff's intellectual property rights.

46.    Similarly, Defendants' acts constitute unfair competition with Plaintiff, in that the advertising, marketing and sale of the copies cast pieces by Defendant falsely designates their origin and originality and deprives the Plaintiff of revenues to which he is entitled on the sale of his specially designed cast pieces.

63016v1
28630-1                            - 9 -

47.    Defendants' acts constitute false advertising, false designation of origin, unfair competition, the false attribution of authorship, deceptive practices, infringement, and the misappropriation of the efforts of others, namely Plaintiff.

48.    Unless Defendants are enjoined and restrained from manufacturing and selling copies of Plaintiff's noted Works, Plaintiffs will be irreparably injured and damaged.

49.    Plaintiff has no adequate remedy at law.

50.    In the alternative, Plaintiff is entitled to enhanced and treble damages, costs and attorneys fees, as the acts of Defendants constitute extraordinary circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION
## (ACCOUNTING):

51.    Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52.    As a consequence of Defendants' infringement, unfair competition and other unlawful acts, Plaintiff is entitled to an accounting from the Defendants for all gains, profits and advantages derived by Defendants from its publication, distribution and sale of the infringing pieces, and upon such an accounting, that Defendants pay over to Plaintiff actual and/or statutory damages and/or all such sums derived by way of profits from the publication, distribution, sale and other disposal of such infringing material.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (UNFAIR COMPETITION):

53.    Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54.    Upon information and belief and at various times, but in any event prior to 2003, and continuously thereafter, Defendants have been advertising, distributing, selling and otherwise marketing the infringing cast pieces, and have thereby been engaging in unfair and deceptive trade practices by palming off the infringing Works as original Works, and in many respects, by giving credit to individuals characterized as authors, artists and the like, none of whom, at least to the extent of the infringing Works, created such.

55.    By reason of Defendants' unfair competition, Plaintiff has suffered and continues to suffer irreparable damage.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (FRAUD/MISREPRESENTATION):

56.    Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "55" of this Complaint as fully set forth therein.

57.    That Defendants had full knowledge, or in the alternative, negligently and/or recklessly should have had full knowledge based upon the circumstances that the cast pieces hereinbefore mentioned were solely the property of Plaintiff.

58.    That despite such knowledge, Defendants fraudulently advertised and represented that they were the original authors of said Works.

59.    That as a result of said misrepresentations, Plaintiff has been irreparably damaged.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (DIRECT MOLDING):

60.    Plaintiff repeats and realleges the allegations set forth in Paragraphs "1" through "59" of this Complaint as fully set forth herein.

61.    That Defendants, without permission of Plaintiff, have created exact copies of Plaintiff's Works by directly molding and casting Plaintiff's Works and thereby infringed on Plaintiff's exclusive right to make copies of his own individual Works.

62.    That said activity of Defendants is directly proscribed by various state "direct molding" statutes, as previously set forth.

63.    That as a result of said activity, Plaintiffs have been irreparably damaged.

**WHEREFORE**, Plaintiff demands judgment as follows:

(a)    Enjoining Defendants, its agents, representatives and all persons acting under them, during the pendency of this action and thereafter permanently, from infringing Plaintiff's copyrights in any manner and from advertising, publishing, licensing, distributing, selling, marketing or otherwise disposing of any copies of said cast pieces containing the infringing original Works of art of Plaintiff, and for actual, statutory, and/or compensatory damages;

(b)    Enjoining Defendant, its agents, representatives and all persons acting under them during the pendency of this action and thereafter permanently from unlawfully offering for sale copies of Plaintiff's Works, to deliver up all copies currently in Defendants' possession to be impounded during the pendency of this action, which are all in the possession and under the control of the Defendants and to deliver up for destruction any molds, casts, or other materials used in the making and publication of such unlawful materials and for actual, statutory and/or compensatory damages;

(c)    An accounting of the profits derived by the Defendants from the advertising, publication, license, distribution, display, or other disposal of Defendants' unlawful Works and upon such accounting that Defendants pay to Plaintiff:

1.    Damages provided by statute for Defendants' statutory copyright infringement;

2.    Damages provided by any other statutes for Defendants' unlawful conduct; and

3.    All monies determined to be profits generated or arising from such unlawful materials;

4.    An injunction issued preliminarily to a final hearing and permanently thereafter restraining Defendants, its agents, servants, employees and representatives, and all persons acting in privacy or in concert with them from:

(i)     Manufacturing, selling, advertising or distributing any copies of Defendants' unlawful Works;

(ii)    In any manner, shape or form using the molds produced for the manufacture of the unlawful work or any part of it in connection with the manufacture, sale, advertising or distribution of any other of Defendants' Works; or

(iii)   Engaging in any acts or making any representations which have the effect of leading the public to believe that the Works sold, manufactured, distributed or advertised by Defendants are in any manner, shape or form connected or related to Defendants.

5.   Defendants recall from the possession of any dealers, wholesalers, jobbers and all others all copies of said Works, and directing that they be destroyed or delivered to Plaintiffs;

6.   Defendants turn over all molds or other masters used in the manufacture of said unlawful Works to Plaintiffs for destruction;

7.   After final hearing, damages be awarded to the Plaintiffs against the Defendants in such an amount as found proper and deemed due and owing from Defendants to Plaintiffs;

8.   After final hearing, Defendants be required to account to Plaintiffs for any profits derived by Defendants from the acts complained of by Plaintiffs in this Complaint;

9.   Plaintiffs be awarded the costs and disbursements of this action, including reasonable attorneys fees.

(d)   That Defendants pay general damages to the Plaintiff in an amount to be assessed by Court by reason of Defendants' fraud/misrepresentation, and that Defendants pay to Plaintiff punitive damages, all costs and expenses of this action including reasonable attorneys fees to be assessed by the Court;

(e)   For such other and further relief as to this Court may seem just, proper and equitable.

DATED:  September 14, 2004.

DINSMORE AND SHOHL

By:  _____

William M. Mattes, Esq.  (0040465)
Trial Attorney
Michael J. King (0072597)
Dinsmore & Shohl
175 S. Third Street, Suite 1000
Columbus, Ohio  43215
*Attorneys for Defendants*

Of Counsel:

Michael A. Oropallo, Esq.
N.Y. Bar Roll No. 505267
Douglas J. Nash, Esq.
N.Y. Bar Roll No. 511889
HISCOCK & BARCLAY, LLP
*Attorneys for Plaintiff*
Address and P.O. Box
Financial Plaza
221 South Warren Street
Syracuse, New York  13221-4878
(315) 425.2831

63016v1
28630-1

EXHIBIT "A"

## NON-EXCLUSIVE LIST OF INFRINGING ITEMS

| 1. | 870A | AFGHAN |
|---|---|---|
| 2. | 859 | AIREDALE |
| 3. | 464C | AKITA |
| 4. | 460A | AMSTAFF |
| 5. | 858 | AUSTRALIAN CATTLE DOG |
| 6. | 867 | AUSTRALIAN SHEPHERD |
| 7. | 879 | BASENJI |
| 8. | 855 | BASSETT HOUND |
| 9. | 453 | BEAGLE |
| 10. | 872 | BERNESE MT  DOG |
| 11. | 856 | BICHON FRISE |
| 12. | 453C | BLOODHOUND |
| 13. | 854 | BORDER COLLIE |
| 14. | 870 | BORZOI |
| 15. | 852 | BOSTON TERRIER |
| 16. | 463 | BOXER |
| 17. | 455D | BOYKIN SPANIEL |
| 18. | 455 | BRITTANY |
| 19. | 460C | BULL TERRIER |
| 20. | 463A | BULLDOG |
| 21. | 877 | CAIRN TERRIER |
| 22. | 455C | CAVALIER KING CHARLES |
| 23. | 869 | CHESAPEAKE |
| 24. | 860 | CHIHUAHUA |
| 25. | 880 | CHINESE CRESTED |
| 26. | 464 | CHOW |
| 27. | 455A | COCKER SPANIEL |
| 28. | 455E | COCKER (PET) |
| 29. | 458C | COLLIE |
| 30. | 453B | COON HOUND |
| 31. | 866 | CORGI |
| 32. | 462 | DACHSHUND |
| 33. | 456A | DALMATIAN |
| 34. | 459 | DOBERMAN |
| 35. | 456 | ENGLISH POINTER |
| 36. | 457 | ENGLISH SETTER |
| 37. | 457E | ENGLISH SETTER (TAIL UP) |
| 38. | 452 | GERMAN SHEPHERD |
| 39. | 451 | GERMAN SHORTHAIR |
| 40. | 454 | GOLDEN  RETRIEVER |
| 41. | 463B | GREAT DANE |
| 42. | 453A | GREYHOUND |

| 43. | 464A | HUSKY |
| 44. | 457A | IRISH SETTER |
| 45. | 870C | IRISH WOLFHOUND |
| 46. | 461C | JACK RUSSELL |
| 47. | 450 | LABRADOR (SITTING) |
| 48. | 450A | LABRADOR (STANDING) |
| 49. | 450B | LABRADOR (HEAD) |
| 50. | 450C | LABRADOR & DUCK |
| 51. | 857 | LHASA APSO |
| 52. | 464D | MALAMUTE |
| 53. | 865 | MALTESE |
| 54. | 865A | MALTESE (PET) |
| 55. | 463C | MASTIFF |
| 56. | 871 | NEWFOUNDLAND |
| 57. | 870B | NORWEGIAN ELKHOUND |
| 58. | 868 | OLD ENGLISH SHEEP DOG |
| 59. | 881 | PAPILLON |
| 60. | 853 | PEKINESE |
| 61. | 460B | PIT BULL |
| 62. | 851 | POMERANIAN |
| 63. | 461A | POODLE (SHOW CLIP) |
| 64. | 461D | POODLE (PUPPY CLIP) |
| 65. | 864 | PORTUGUESE WATER DOG |
| 66. | 861 | PUG |
| 67. | 873 | RHODESIAN RIDGEBACK |
| 68. | 460 | ROTTWEILER |
| 69. | 871A | SAINT BERNARD |
| 70. | 464B | SAMOYED |
| 71. | 878 | SCHIPPERKE |
| 72. | 459 | SCHNAUZER |
| 73. | 461B | SCOTTY |
| 74. | 458A | SHAR PEI |
| 75. | 457 | SHELTIE |
| 76. | 862 | SHIH TZU |
| 77. | 862A | SHIH TZU (PET) |
| 78. | 874 | SILKY TERRIER |
| 79. | 876 | SKYE TERRIER |
| 80. | 455B | SPRINGER SPANIEL |
| 81. | 451B | VISZLA |
| 82. | 451A | WEIMARANER |
| 83. | 863 | WESTIE |
| 84. | 875 | WHEATEN TERRIER |
| 85. | 453D | WHIPPET |
| 86. | 859A | WIRE FOX TERRIER |
| 87. | 850 | YORKIE |
| 88. | 850A | YORKIE (PET) |

**Allied**
Insurance
*A Nationwide® Company*
*On Your Side℠*

**Michigan Service Office**

*70 West Michigan Avenue*
*Battle Creek, MI 49017-3606*
*800-848-2981*
*FAX U/W (269) 962-1545*
*FAX Claims (800) 848-9983*

November 12, 2004                                      **Certified & Regular Mail**

Shirley Lee
Lauren Spencer Inc.
OTC Corp.
40 Clairedan Dr.
Powell, OH 43065

| Re: | Our Insured | : | Lauren Spencer Inc. and OTC Corp. |
|---|---|---|---|
| | Claim Number | : | **34A11980** |
| | Policy Number | : | **ACP WHDO 7101414105** |
| | Date of Loss | : | **01/01/04** |
| | Claimant | : | George G. Harris a/k/a George G. Harris' Wildlife Collection |

Dear Ms. Lee:

I am acknowledging receipt of the summons and complaint recently served upon you as a defendant in a lawsuit entitled George G. Harris, a/k/a George G. Harris's Wildlife Collection vs. OTC, Inc, a/k/a Oriental Trader's Co. and Lauren-Spencer, Inc. and Shirley Lee and Bowen Lee, a/k/a Lee Bowen and Daniel Lee and Popphie Lee filed in the United States District Court, for the Southern District of Ohio, Eastern Division. I have forwarded the lawsuit to the law firm Hammond and Sewards, 556 E. Towne Street, Suite 700, Columbus, OH 43215; telephone (614)228-6061 with instructions to provide you with a defense. If you have any questions, please call this law firm or me.

The amount of damages claimed by the plaintiff is unstated and could exceed the limit of your policy. You will be personally liable for a judgment exceeding your policy limit of $1,000,000.

You may wish to retain your personal attorney at your own expense to represent you on your exposure to a judgment that exceeds your policy limit.

If you have coverage under any other insurance policy, I request that you report this lawsuit to the other insurance company and inform me of the name and policy number of the other insurance company.

Please do not discuss this claim or lawsuit with anyone except a representative of this company, the law firm listed above or your personal attorney. I will need your full cooperation in assisting the company in your defense. Please inform us of any change in your address or phone number.

Sincerely,

Paul McKenzie, AIC

**EXHIBIT**

**2**

PENGAD-Bayonne, N.J.

Allied Group, Inc.
AMCO Insurance Company
Allied Property and Casualty Insurance Company

Lauren Spencer Inc.
OTC Corp.
**34A11980**
November 12, 2004
Page 2

Litigation Specialist
Michigan Service Office-Des Moines Regional Claims
800-848-9978, Ext. 4599

cc:   Agent 22868
       Hammond and Sewards
       Vorys, Sater, Seymour & Pease

**Allied**
Insurance
A Nationwide® Company
On Your Side℠

**Michigan Service Office**
3820 109th St., Dept. 2004
Des Moines, IA  50391-2004
800-848-9978
FAX (515) 508-8532
FAX 800-562-4339

November 23, 2004

**Certified Mail (Restricted Delivery)**

Shirley Lee
Lauren Spencer Inc.
OTC Corp.
40 Clairedan Dr.
Powell, OH 43065

Re:  Our Insured         :    Lauren Spencer Inc. and OTC Corp.
     Claim Number       :    34A11980
     AMCO Policy No.  :    ACP WHDO 7101414105
     Date of Loss        :    01/01/04
     Claimant            :    George G. Harris a/k/a George G. Harris' Wildlife Collection

Dear Ms. Lee:

This letter is in response to the claim submitted to AMCO Insurance Company ("AMCO"), concerning a claim for defense and coverage regarding allegations in the lawsuit styled George G. Harris, a/k/a George G. Harris' Wildlife Collection vs. OTC, Inc., a/k/a Oriental Trader's Co. and Lauren-Spencer, Inc. and Shirley Lee and Bowen Lee, a/k/a Lee Bowen and Daniel Lee and Popphie Lee, filed in the United States District Court for the Southern District of Ohio, Eastern Division (the "lawsuit"). We have reviewed the allegations and other relevant information, including AMCO policy number ACP WHDO 7101414105 (the "policy"). Based on this review, it appears that the plaintiff in the lawsuit seeks damages that may not be covered under the policy. This letter explains certain coverage issues, the terms and conditions under which AMCO will advance the defense costs, and reserves all of AMCO's rights under the policy.

**CLAIM SUMMARY**

In the lawsuit, the plaintiff alleges that you have been marketing, advertising and selling copies of the plaintiff's works, and unauthorized derivative works thereof, in violation of section 106 of the United States Copyright Act, among others, onto jewelry pieces, without permission. The plaintiff further contends that you falsely designated the origin of the jewelry, having removed the copyright notations during the molding and/or casting process in violation of the United States Copyright Act. The plaintiff alleges copyright infringement, violation of the Lanham Act, unfair competition, fraud and misrepresentation and direct molding.

The plaintiff seeks to enjoin defendants, its agents, representatives and all persons acting under them from infringing on plaintiff's copyrights and from advertising, publishing, licensing, distributing, selling, marketing and otherwise disposing of any copies of the cast pieces of the works of art of the plaintiff. The plaintiff also seeks to bar the defendants permanently from offering for sale copies of plaintiff's works of art and to deliver all copies currently in the defendants' possession to the plaintiff, to include the destruction of any molds, casts, or other

Allied Group, Inc.
AMCO Insurance Company
Allied Property and Casualty Insurance Company
Depositors Insurance Company

EXHIBIT
3

Lauren Spencer Inc.
OTC Corp.
34A11980
November 23, 2004
Page 2

materials in the making and publication of such unlawful materials. The plaintiff goes on to seek an accounting of the profits derived by the defendants, a recall by the defendants from the possession of any dealers, wholesalers, jobbers and all others all copies of said works, as well as unspecified damages due and owing from defendant. In addition, the plaintiffs seek an award for the costs and disbursements of this action, including reasonable attorney fees and an award of punitive damages.

### COVERAGE SUMMARY

The plaintiff alleges incidents that occurred on or about 01/01/04. The applicable AMCO policy is ACP WHDO 7101414105, issued to Lauren Spencer Inc. and OTC Corp., effective from 10/21/03 to 10/21/04. This policy contains an applicable limit of $1,000,000.

Our analysis of coverage is limited to this policy. I must be notified immediately by you if you believe there are other AMCO policies that apply.

For your easy reference, copies of the forms most relevant to these coverage issues have been enclosed. All page references are to policy number ACP WHDO 7101414105, and form CG0001, except where otherwise noted.

We first refer you to the insuring agreement, which provides in relevant part as follows:

COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY
1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
      1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
      2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A And B.

Lauren Spencer Inc.
OTC Corp.
34A11980
November 23, 2004
Page 3

    b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

Next, we refer you to the following relevant definitions:

    1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

      a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

      b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

    14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

      a. False arrest, detention or imprisonment;

      b. Malicious prosecution;

      c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

      d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

      e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

      f. The use of another's advertising idea in your "advertisement"; or

      g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

Next, we refer you to the following relevant conditions:

    SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

    2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

      a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

Lauren Spencer Inc.
OTC Corp.
34A11980
November 23, 2004
Page 4

        1)How, when and where the "occurrence" or offense took place;

        2) The names and addresses of any injured persons and witnesses; and

        3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b. If a claim is made or "suit" is brought against any insured, you must:

        1) Immediately record the specifics of the claim or "suit" and the date received; and

        2) Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c. You and any other involved insured must:

        1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        2) Authorize us to obtain records and other information;

        3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

        4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

If AMCO's investigation or defense has been prejudiced by your failure to promptly give us or our agent notice of an occurrence or claim as soon as practicable, coverage would be precluded under the policy.

The following exclusions may also apply:

    This insurance does not apply to:

    a. Knowing Violation Of Rights Of Another

        "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the acts would violate the rights of another and would inflict "personal and advertising injury";

    b. Material Published With Knowledge Of Falsity

        "Personal and advertising injury" arising out of oral or

Lauren Spencer Inc.
OTC Corp.
34A11980
November 23, 2004
Page 5

      written publication of material, if done by or at the direc-
      tion of the insured with knowledge of its falsity;

i. Infringement Of Copyright, Patent, Trademark or Trade Secret
      "Personal and advertising injury" arising out of the in-
      fringement of copyright, patent, trademark, trade secret or
      other intellectual property rights.
      However, this exclusion does not apply to infringement, in
      your "advertisement", of copyright, trade dress or slogan.

To the extent that the facts, as developed throughout the lawsuit, demonstrate that you knew that the products were infringing on the copyright of the plaintiff, coverage would be excluded.

To the extent that the facts, as developed throughout the lawsuit, demonstrate that you knew that your advertisement was infringing on the product copyright of the plaintiff, coverage would be excluded.

Coverage is excluded for Infringement of Copyright, Patent, Trademark or Trade Secret "Personal and advertising injury", subject to the exception for infringement in your "advertisement", of copyright, trade dress or slogan.

We must also inform you that the lawsuit seeks punitive damages. Punitive damages are not covered by insurance in the State of Ohio and are therefore precluded from coverage under your policy with AMCO Insurance Company.

### DEFENSE

AMCO hopes to work with you to bring this matter to a speedy and fair resolution for all parties. AMCO is investigating this matter and defending under a reservation of rights. AMCO may participate in settlement negotiations, contribute to a settlement, contribute to payment of a judgment, post an appeal bond or undertake other actions to bring any lawsuit filed against you to a close. AMCO reserves the right to assert coverage issues (in this or any other claim) and to do the following:

- Require each insured to obtain an allocation of damages between covered and uncovered allegations in any future settlement or judgment;

- Recover defense costs from each insured (including appeal bonds) in the event it is determined that there is no coverage and/or no duty to defend or to recover defense costs in proportion to the extent it is determined that there is no coverage or duty to defend;

Lauren Spencer Inc.
OTC Corp.
34A11980
November 23, 2004
Page 6

- Recover from each insured the cost of settlement or payment of judgment to the extent that the settlement or judgment exceeds the covered damages, if any;

- Recover any defense costs, settlements, or judgments from any other carriers, and from any third party liable for the injury or damages;

- File a declaratory action to determine AMCO's duties to you, although AMCO is not obligated to file such an action; and

- Withdraw from the defense of this action upon development of information which establishes that there is no duty to defend or coverage, after giving any legally required notice of AMCO's intent to withdraw.

Subject to the foregoing, as we have discussed, AMCO will provide a defense in the lawsuit. However, AMCO reserves all of its rights, including the right to preclude coverage for any damages awarded against you. Nothing in this letter should be deemed a waiver of the terms or conditions of the AMCO policy. AMCO expressly reserves the right to rely upon any term or condition of the contract or any other ground that may be found to limit or preclude coverage.

As we have discussed, we will be providing you a defense through the law firm of Hammond & Sewards, 556 E. Towne Street, Suite 700, Columbus, OH 43215; telephone (614)228-6061.

You have the right, but not the obligation, to employ your own attorney at your own expense to represent you on these claims, your AMCO coverage, and any liability exposure that may be in excess of your limits or outside the coverage of your AMCO policy. AMCO will cooperate with your personal counsel.

AMCO will only provide you a defense from the date you reported this matter to AMCO, which was on 10/06/04.

Because there are allegations of damages that are potentially not covered by your AMCO policy, you may have the right to settle with the plaintiff at your own expense. However, if you decide to settle or enter a consent, stipulated or similar judgment without first obtaining the permission of AMCO or without reaching an agreement with AMCO about how much, if any, of the settlement will be allocated to covered damages, then some or all of the settlement may not be covered. You may incur a burden of proving how much, if any, of the settlement is covered. Prior to taking any such action, we recommend that you inform AMCO of your desire to settle this matter. In addition, AMCO may not be bound by certain findings of fact and law in a fully litigated judgment that does not adequately address factual and legal questions concerning coverage issues.

Lauren Spencer Inc.
OTC Corp.
34A11980
November 23, 2004
Page 7

AMCO's position is based on the facts that have been made available to us. AMCO expressly reserves the right to modify its determination concerning the potential for coverage under this policy. Please provide any amended pleadings, analysis or other information you have that you believe may affect our determination concerning the coverage available under the AMCO policy.

**If you have policies with other insurance carriers that may apply, please call me immediately.**

Sincerely,


Paul McKenzie, AIC
Litigation Specialist
Michigan Service Office
(800) 848-9978, ext. 4599


Enclosure

cc:  Agent Code 22868
      Hammond & Sewards
      Vorys, Sater, Seymour & Pease