**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN THE UNITED STATE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AMCO INSURANCE CO.,** | : | |
| | : | |
| **Plaintiff** | : | Case No. C2-06-472 |
| | : | |
| **v.** | : | |
| | : | **JUDGE FROST** |
| | : | |
| **LAUREN-SPENCER, INC. et al.,** | : | **MAGISTRATE JUDGE KING** |
| | : | |
| **Defendants** | : | |
| | : | |

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on November 6, 2006, and was attended by:

<u>Amy S. Thomas, Esq.           </u>, trial counsel for Plaintiff <u>   AMCO Insurance          </u>

<u>William J. Pohlman, Esq.         </u>, trial counsel for Defendants <u>Lauren Spencer, Bowen Lee,</u>
<u>Shirley Lee, and Popphie Lee</u>

<u>Williams M. Mattes, Esq.,        </u>, trial counsel for Defendant <u>    George Harris          </u>

<u>Michael Orapollo, Esq.          </u>, counsel for Defendant <u>    George Harris          </u>

2.  The parties:

   <u>      </u>  unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

   <u>  XX   </u>  do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

3.  The parties:

    _____   have exchanged the pre-discovery disclosures required by Rule 26(a)(1).

    _____   will exchange such disclosures by _____.

    _____   are exempt from disclosure under Rule 26(a)(1)(E).

    __XX__   have agreed not to make initial disclosures.

4.  Jurisdiction and Venue

    a.  Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

    None.

    b.  Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue.

    Not applicable.

    c.  Recommended date for filing motions addressing jurisdiction and venue:

    Not applicable.

5.  Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:   None anticipated

6.  Recommended discovery plan:

    a.  Describe the subjects on which discovery is to be sought and the nature and extent of discovery that each party will need:

    Certain discovery has already occurred in the related civil lawsuit filed by Defendant Harris against the other named Defendants. The parties anticipate that some of this discovery may have application in this lawsuit. As well, the parties reserve the right to conduct discovery of more specific issues related to insurance policy coverage.

    The parties intend to prepare a Stipulated Set of Facts/Record within the next few months. After preparing this, the parties will determine if any additional discovery is needed on the Plaintiff's principal coverage defense. The parties then intend to proceed with cross-motions for partial summary judgment as to that coverage

defense.

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitation on interrogatories and the limitation of ten depositions, each lasting no more than one day consisting of seven (7) hours?

Not anticipated at this time.

c. Identify the discovery, if any, that can be deferred pending settlement discussions and/or resolution of potentially dispositive motions:

Discovery as to any remaining coverage defenses as well as the Lauren Spencer Defendants' counterclaim for bad faith may be deferred until the later of (i) a ruling on the motion for partial summary judgment; or (ii) a judgment, settlement, or other resolution of the underlying copyright infringement suit.

d. Described the areas in which expert testimony is expected and indicate whether each expert will be specially retained within the meaning of F.R. Civ. P. 26(a)(2).

The parties do not know what, if any, aspects of this declaratory judgment action will require expert testimony. The Lauren Spencer Defendants expect to proffer expect testimony in support of their counterclaim for insurer bad faith. The parties reserve the right to retain and identify other experts.

e. Recommended date for making primary expert designations:

January 28, 2008

f. Recommended date for making rebuttal expert designations:

March 12, 2008

g. Recommended discovery cut-off date:        March 31, 2008

7. Recommended dispositive motion date:        May 30, 2008

3

8. Has a settlement demand been made?   <u>Not applicable</u>   A response? _____

   Date by which a settlement demand can be made: _____

   Date by which a response can be made: _____

9. The earliest Settlement Week referral reasonably likely to be productive is the (choose one) March / June / September / December  (year)  <u>Not Applicable</u>  Settlement Week.

10. Other matters for the attention to the Court:  <u>As mentioned above, the parties intend to prepare Stipulated Set of Facts /Record, conduct some additional discovery if necessary, and then file cross motions for partial summary judgment on the principal coverage issue.</u>

Signatures:

**Attorney(s) for Plaintiff(s):**                          **Attorney(s) for Defendant(s):**

/s/ *Amy S. Thomas*                                        /s/  *William J. Pohlman*
Amy S. Thomas       (0074380)                              William J. Pohlman (0040912)
Trial Attorney for Plaintiff AMCO                          Trial Attorney for Defendants Lauren Spencer, Bowen Lee, Shirley Lee, and Popphie Lee

                                                           **/s/ *Michael Oropallo***
                                                           Attorney for Defendant George Harris

                                                           William M. Mattes  (0040465)
                                                           Trial Attorney for Defendant George Harris


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via the Court's CM/ECF system to all counsel of record, this 8th day of November 2006.  Parties who do not receive notice of this filing by operation of the Court's electronic filing system may access this filing through the Court's system.

                                    /s/ Amy Thomas
                                    Amy Thomas (0074380)