IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMCO INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | CASE NO. C2-06-472 |
| | : | |
| v. | : | JUDGE FROST |
| | : | |
| LAUREN-SPENCER, INC. | : | MAGISTRATE JUDGE KING |
| fka OTC, Inc., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF-COUNTERCLAIM DEFENDANT AMCO INSURANCE COMPANY'S ANSWER TO COUNTERCLAIM OF DEFENDANTS LAUREN-SPENCER, INC., SHIRLEY LEE, BOWEN LEE, AND POPPHIE LEE**

Plaintiff-Counterclaim Defendant AMCO Insurance Company ("AMCO") responds to the Counterclaim of Defendants Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, and Popphie Lee as follows:

1. AMCO admits the allegations stated in paragraph 1 of the Counterclaim.

2. AMCO admits the allegations stated in paragraph 2 of the Counterclaim.

3. AMCO admits the allegations stated in paragraph 3 of the Counterclaim.

4. In responding to paragraph 4 of the Counterclaim, AMCO admits that the Company purchased a commercial general liability policy and an umbrella policy from AMCO for the policy period of October 21, 2003 to October 21, 2004. Further responding, AMCO admits that the policies afford coverage to the company and its employees for certain third-party liabilities pursuant to the terms and conditions of said policies. Further responding, AMCO admits that the CGL policy contains a coverage section that affords coverage for damages that third parties may recover against an insured because of "advertising injury" if otherwise covered by the CGL. AMCO denies all remaining allegations stated in paragraph 4 of the Counterclaim.

5. In responding to paragraph 5, AMCO denies for lack of knowledge whether the Lauren-Spencer Defendants received a copy of the Complaint on or about October 1, 2004. Further responding, AMCO states that the Complaint filed in the court case styled *Harris v. OTC, Inc., et al.*, Case No. C 04 884 (S.D. Ohio) alleged copyright infringement but denies all remaining allegations of paragraph 5.

6. Defendant AMCO, upon information and belief, admits the allegations stated in paragraph 6 of the Counterclaim.

7. Defendant AMCO admits the allegations stated in paragraph 7 of the Counterclaim but states that AMCO agreed to defend under reservation of rights.

8. Defendant AMC admits the allegations stated in paragraph 8 of the Counterclaim.

9. AMCO denies the allegations of paragraph 9 of the Counterclaim.

10. AMCO denies the allegations stated in paragraph 10 of the Counterclaim.

11. AMCO denies the allegations stated in paragraph 11 of the Counterclaim for lack of knowledge.

12. AMCO denies the allegations stated in paragraph 12 of the Counterclaim.

13. Defendant AMCO, upon information and belief, admits the allegations stated in paragraph 13 of the Counterclaim.

14. AMCO denies the allegations stated in paragraph 14 of the Counterclaim for lack of knowledge.

15. AMCO denies the allegations stated in paragraph 15 of the Counterclaim for lack of knowledge.

16. AMCO denies the allegations stated in paragraph 16 of the Counterclaim.

17. AMCO denies the allegations stated in paragraph 17 of the Counterclaim.

18. AMCO denies the allegations stated in paragraph 18 of the Counterclaim.

19. AMCO denies the allegations stated in paragraph 19 of the Counterclaim.

20. AMCO incorporates by reference its responses to paragraphs 1 through 20 of the Counterclaim as if fully rewritten herein.

21. AMCO admits the allegations stated in paragraph 21 of the Counterclaim.

22. AMCO admits the allegations stated in paragraph 22 of the Counterclaim.

23. AMCO denies the allegations stated in paragraph 23 of the Counterclaim for lack of knowledge.

24. AMCO denies the allegations stated in paragraph 24 of the Counterclaim for lack of knowledge.

25. AMCO denies the allegations stated in paragraph 25 of the Counterclaim for lack of knowledge.

26. AMCO incorporates by reference its responses to paragraphs 1 through 25 of the Counterclaim as if fully rewritten herein.

27. In responding to paragraph 27 of the Counterclaim, AMCO admits that the policies constitute a binding contract between the Lauren-Spencer Defendants and AMCO to provide commercial general liability insurance according to the terms and provisions of the policies during the policy period commencing on October 21, 2003 and terminating on October 21, 2004. AMCO specifically denies all remaining allegations stated in paragraph 27 of the Counterclaim.

28. AMCO denies the allegations stated in paragraph 28 of the Counterclaim for lack of knowledge.

29. In responding to paragraph 29 of the Counterclaim, AMCO denies that AMCO has any duty under the policies to indemnify the Lauren-Spencer Defendants for any sums in connection with the *Harris* lawsuit. Further responding, AMCO asserts that AMCO is currently defending the Lauren-Spencer Defendants in the *Harris* lawsuit under reservation of rights. Further responding, AMCO believes that it has no duty to defend the Lauren-Spencer Defendants in the *Harris* lawsuit under the policies but has instituted the instant declaratory judgment action to obtain a judicial ruling regarding that duty to defend.

30. AMCO denies the allegations stated in paragraph 30 of the Counterclaim.

31. AMCO denies the allegations stated in paragraph 31 of the Counterclaim.

32. AMCO incorporates by reference its responses to paragraphs 1 through 31 of the Counterclaim as if fully rewritten herein.

33. AMCO admits the allegations stated in paragraph 33 of the Counterclaim.

34. AMCO denies the allegations stated in paragraph 34 of the Counterclaim.

35. AMCO denies the allegations stated in paragraph 35 of the Counterclaim.

36. AMCO denies the allegations stated in paragraph 36 of the Counterclaim.

## **AFFIRMATIVE DEFENSES**

1. Counterclaim Plaintiffs have failed to state a claim upon which relief can be granted against AMCO.

2. Counterclaim Plaintiffs have failed to mitigate damages, if any.

3. Counterclaim Plaintiffs' claims for bad faith are in violation of the constitutions of the State of Ohio and the United States of America.

4. Counterclaim Plaintiffs' claims for bad faith are barred because AMCO has been defending Counterclaim Plaintiffs under reservation in the *Harris* matter.

5. Counterclaim Plaintiffs' claims for bad faith fail because AMCO has acted reasonably under the circumstances in the handling of the *Harris* matter.

6. Counterclaim Plaintiffs' claims for bad faith and breach of contract fail because Counterclaim Plaintiffs are not entitled to coverage under the AMCO policies.

7. AMCO retains the right to assert additional affirmative defenses as this coverage action and the *Harris* matter proceed.

**WHEREFORE,** having fully answered, Plaintiff-Counterclaim Defendant AMCO prays that it be awarded judgment in its favor in this declaratory judgment action; that this Court enter a declaration that Counterclaim Defendants are not entitled to coverage under the AMCO policies; that AMCO has not duty to defend or indemnify Counterclaim Plaintiffs in the *Harris* matter; that this Court enter judgment in favor of AMCO and dismiss with prejudice Counterclaim Plaintiffs' breach of contract and bad faith claims; and that this Court award AMCO its costs and attorneys fees in this action and award AMCO all other relief to which it is entitled.

Respectfully submitted,

/s/ Amy Thomas
Amy S. Thomas        (0074380)
**REMINGER & REMINGER CO., L.P.A.**
65 East State Street, 4th Floor
Capitol Square
Columbus, Ohio  43215
(614) 232-2627 - Thomas Direct Dial
(614) 232-2410 - Facsimile
E-mail:  athomas@reminger.com
*Attorney for Plaintiff Counterclaim-Defendant*
*AMCO Insurance Company*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing was served via the Court's CM/ECF system to all counsel of record, this **22nd day of November 2006**. Parties who do not receive notice of this filing by operation of the Court's electronic filing system may access this filing through the Court's system.

                                                 /s/ Amy Thomas
                                                 AMY THOMAS (0074380)