IN THE UNITED STATE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **AMCO INSURANCE COMPANY** | : | |
| | : | |
| **Plaintiff** | : | **Case No. C2-06-472** |
| | : | |
| **v.** | : | **Judge FROST** |
| | : | |
| **LAUREN SPENCER, INC. et al.,** | : | |
| | : | **Magistrat Judge KING** |
| **Defendants** | : | |

**PLAINTIFF AMCO INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION
TO THE MOTION FOR PARTIAL SUMMARY JUDGMENT OF DEFENDANTS
LAUREN-SPENCER, INC., SHIRLEY LEE, BOWEN LEE, AND POPPHIE LEE**

Pursuant to this Court's Preliminary Pretrial Order, Plaintiff AMCO Insurance Company ("AMCO") and Defendants Lauren-Spencer, Inc., Shirley Lee, Bowen Lee, and Popphie Lee (hereinafter collectively "Lauren-Spencer") filed cross-motions for summary judgment on the principal coverage issues on February 28, 2007. *See* AMCO's Motion for Summary Judgment (Doc. #21); Lauren-Spencer's Motion for Partial Summary Judgment (Doc. #20). Pursuant to the Preliminary Pretrial Order, AMCO now submits this Memorandum in Opposition to Lauren-Spencer's Motion for Partial Summary Judgment. This Court should grant AMCO's Motion for Summary Judgment and deny Lauren-Spencer's Motion for Partial Summary Judgment. Based on the undisputed facts and the clear and unambiguous terms of the insurance policy, Lauren-Spencer cannot demonstrate that any coverage exists for the damages George Harris seeks from Lauren-Spencer in the underlying lawsuit.

Dockets.Justia.com

**A. *Advance Watch* Controls And Warrants Judgment In AMCO's Favor.**

Summary judgment in favor of AMCO is warranted based on the controlling authority of the Sixth Circuit in *Advance Watch*. Lauren-Spencer contends that the Sixth Circuit's decision in *Advance Watch Co., Ltd. v. Kemper Nat. Ins. Co*., 99 F.3d 795 (1996) does not control. However, this Court should reject Lauren-Spencer's directive to ignore the binding precedent of the Sixth Circuit because other appellate districts have criticized it. As well, the contention that *Advance Watch* should not control because it applied Michigan law and not Ohio law has already been addressed and squarely rejected by the Sixth Circuit. The Sixth Circuit has explained that the doctrines of *Advance Watch* apply whether the Court applies Ohio or Michigan law:

> SST, however, contends that *Advance Watch* is not "controlling precedent" because the rules regarding the interpretation of insurance polices under Ohio law are different from the rules under Michigan law. We disagree, and find that SST's attempts to distinguish Ohio contract law from Michigan contract law are unavailing. Indeed, we rejected a similar claim by the insured in *ShoLodge* and concluded that "there is no material difference between Michigan and Tennessee law regarding principles of insurance contract interpretation." *Id.* at 259. Moreover, a review of the overarching principles of insurance contract interpretation under Michigan, Tennessee and Ohio law clearly shows otherwise, for in all relevant respects, each state's rules of contract interpretation are the same.

*United Nat. Ins. Co. v. SST Fitness Corp.* 182 F.3d 447, 451 (6th Cir. 1999). The fact of the matter is that *Advance Watch* presents a factual and legal scenario principally on point with the case presently before this Court. Applying the doctrine of *Advance Watch* mandates a determination that Lauren-Spencer is not entitled to coverage. The Sixth Circuit has already addressed a case like the one presented here. Based on the well-reasoned and binding Sixth Circuit precedent, Lauren-Spencer is not entitled to coverage. Plain application of *Advance Watch* dictates this result.

**B.  "Marketing and Promoting" Do Not Equate To Advertisment.**

Review of Lauren-Spencer's Motion for Partial Summary Judgment reveals Lauren-Spencer's assumes too much.  Just because Lauren-Spencer advertised allegedly infringing products does not mean that Lauren-Spencer infringed on the copyrights *in* Lauren-Spencer's advertisements.  Indeed, any other interpretation would nullify the *"in your advertisement"* portion of the insuring agreement and render the coverage *per se* coverage for all copyright infringement cases.  Stated differently, not every case of advertising an infringing product amounts to infringing "in your advertisement."  However, this is the position Lauren-Spencer advocates.

In this case, all Lauren-Spencer did was attempt to sell its products—the allegedly infringing products.  It is undisputed that the brochure, website, and trade show boards contained only pictures of the allegedly infringing products or the actual products.  Lauren-Spencer maintains that this constitutes infringement in advertisement because Lauren-Spencer's "marketing and promoting of the dog breed jewelry clearly constituted 'advertis[ing]' within the meaning of the Policy."  Defs. MSJ at 8.  However, if this Court accepts Lauren-Spencer's argument that "marketing and promoting" of allegedly infringing products constitutes "advertisement," then the policy will be stripped of any limitation to advertisement and would be required to extend coverage for every copyright infringement case where the alleged infringer sought to make a profit from the infringing products.  This is certainly not the intent of the policy coverage grant.  Indeed, Lauren-Spencer has provided no factual or legal support for this contention.  Instead, it merely assumes that because its conduct in "marketing and promoting" the jewelry constituted infringement, then the "marketing and promoting" must constitute infringement in advertisement.  However, Lauren-Spencer has failed to establish the requisite

nexus—indeed has failed to establish *any* nexus other than the mere claim. Without more, requiring AMCO to provide coverage in this case would totally nullify any advertisement limitation in the copyright personal injury definition and would render every CGL policy a copyright liability policy.

**C. Lauren-Spencer Cannot Demonstrate Involvement of "Advertisement"**

Lauren-Spencer has the burden to prove that the brocure, website, and trade show boards meet the definition of "advertisement." Lauren-Spencer takes issue with AMCO's use of the definition of "notice" but wholly fails to otherwise demonstrate that any of these three items constitutes an "advertisement" as defined by the CGL policy. Lauren-Spencer has failed to demonstrate that any of these three items were "broadcast" or "published." Moreover, Lauren-Spencer fails to explain how any provides "notice." Although Lauren-Spencer vehemently criticizes AMCO for its suggestion that the three must meet some definitional criteria, Lauren-Spencer cannot see past the mere assumption that anything available to the public constitutes an "advertisement." Yet, certainly, the AMCO policy requires more, and none of the three items at issue rises to the occasion.

<u>**CONCLUSION**</u>

For each of these reasons, this Court should deny Lauren-Spencer's Motion for Partial Summary Judgment and grant AMCO's Motion for Summary Judgment and declare that AMCO has no further duty to defend any of the Lauren-Spencer defendants.

Respectfully submitted,

**/s/ *Amy S. Thomas***
Amy S. Thomas    (0074380)
**Reminger & Reminger Co., L.P.A.**
65 East State, Street, 4th Floor
Columbus, Ohio  43215
(614) 232-2627 - Direct Dial
(614) 232-2410 - Facsimile
E-mail:  athomas@reminger.com
*Attorney for Plaintiff AMCO Insurance Company*


## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Signature:

**/s/ Amy S. Thomas**
Amy S. Thomas (0074380)